ing him of a witness to interpret the medical records.

Normally custodians of medical records are not persons able to interpret them. At any rate, a party who requires the presence of a witness must name the witness. Since no witness was subpoenaed, defendant cannot complain.

250 So.2d 738

**David BLOCK and Linda Sue Block**

**v.**

**Mildred FITTS et al.**

**No. 51194.**

June 28, 1971.

Rehearing Denied Aug. 12, 1971.

Long, Hughes, Ryland & Peters, Edwin R. Hughes, Jena, for plaintiffs-relators.

Stafford, Pitts & Bolen, Grove Stafford, Jr., Alexandria, J. H. Williams, Colfax, Gist, Methvin & Trimble, Howard B. Gist, Jr., Alexandria, Jack O. Brittain, Natchitoches, for defendants-respondents.

SANDERS, Justice.

On application of plaintiffs, we granted certiorari, 257 La. 736, 243 So.2d 817, un-

der our supervisory jurisdiction to determine the validity of the trial judge's ruling that plaintiffs' motion for a jury trial came too late. After consideration, we reverse the ruling.

Plaintifffs filed this action for automobile-accident damages on August 28, 1969. The several defendants filed answers to the petition. Nearly one year later, on August 3, 1970, the plaintiffs filed an amending petition. The defendants then filed answers to the amending petition. The last answer filed was that of Hartford Accident and Indemnity Company.

On Friday, September 4, 1970, Hartford's attorney of Alexandria mailed the answer to the Clerk of Court of Grant Parish, where the suit was pending. The attorney executed and attached to the answer the usual certificate of service, certifying that a copy had been mailed to opposing counsel the same day. Simultaneously, he mailed a copy of the answer to the attorney of record for the plaintiffs at Jena. Because Monday, September 7, was a legal holiday, the answer was not endorsed and filed by the Clerk of Court until Tuesday, September 8, 1970.[1]

On September 16, plaintiffs filed an application for a jury trial, and the trial judge signed the order on the following day. Defendants then filed a rule to set aside the order on the ground that the application for a jury trial was not timely filed. After a hearing, the trial judge rescinded the order, holding that the application was untimely.

The sole question presented is whether or not the application for a jury trial was timely filed under the pertinent articles of the Louisiana Code of Civil Procedure. In approaching this question, we recognize that the articles of the Code are to be construed liberally. See LSA–C.C.P. Art. 5051. Moreover, a litigant's right to a jury trial is fundamental, and if doubt exists, it should be resolved against a loss of the right. Hicks v. Board of Supervisors of Louisiana State University, La. App., 166 So.2d 279.

Article 1732 of the Louisiana Code of Civil Procedure provides:

"A party may demand a trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to such issue."

Article 1313 provides that a "pleading" requiring no answer may be served by:

(1) Mailing a copy thereof to the adverse party at his last known address, or to his counsel of record, this service being complete upon mailing."

Concededly, a copy of defendant's answer to the amending petition was mailed to

1. Plaintiffs' counsel concedes receipt of the copy of the answer mailed to him.

plaintiffs' counsel on September 4 and the answer was filed on September 8. If the ten-day delay runs from the filing, the demand for a jury trial on September 16 was timely.

Plaintiffs contend that a proper interpretation of the mailing provision of Article 1313 is that service is complete on mailing only if the document is filed with the Clerk of Court before mailing. They assert that the document mailed in the present case was no pleading and became one only after it was filed. Hence, they reason, the ten day delay for filing of the jury trial application began to run after the official filing on September 8, thus making the application timely.

■ Plaintiffs' contention is well-founded. Article 1313(1) contemplates the mailing of copies of filed documents. The document mailed in the present case became an official pleading only when it was actually filed with the Clerk of Court. See LSA–C.C.P. Art. 253; Monroe v. McMicken, 8 Martin (N.S.) 510 (1830). Upon the filing, the service became effective. The delay for a jury trial demand began to run at that time.

■ We hold that when service of the last pleading is by mail and the document is mailed before it is filed with the Clerk of Court, the delay for demanding a jury trial begins to run no earlier than the date

of filing. Hence, the demand for a jury trial in the present case was timely.

For the reasons assigned, the trial judge's ruling is reversed at defendants' costs, and the case is remanded to the Eighth Judicial District Court for the Parish of Grant for further proceedings according to law and consistent with the views herein expressed.