MILLER, Judge
(dissenting).
I respectfully dissent from the denial of the application for writs.
My colleagues hold to the view that a party has not shown irreparable injury when it is established that the party is required to undertake an unnecessary trial of the merits. They held the same view in Block v. Fitts, writs refused by this court over my dissent, writs granted by the Supreme Court, 257 La. 736, 243 So.2d 817 (1971). The Supreme Court reversed the trial court’s (and our November 24, 1970) refusal to grant a timely request for a civil jury. It had been the view of the Third Circuit that relator’s remedy was after the trial by appeal, that although the trial judge erroneously refused to grant the timely request for a jury, if the matter was resolved against relator, his rights to trial by jury could be awarded by remand after appeal.
The Supreme Court did not discuss irreparable injury, but turned only to the issue of whether or not the application for jury trial was timely. The grant of the writ application (after we denied the application) establishes that irreparable injury is established when a party is required to participate in a trial of a case which on appeal will be remanded.
And this is as it should be. To require parties to try a case which, on appeal, must be remanded is to waste valuable time of the trial court, the attorneys, the parties, and the lay and expert witnesses. The parties will suffer financial injury in undertaking a useless trial. In what way will that injury be repaired?
I am firm in the conviction that irreparable injury is established when a trial court erroneously requires a party to try a case. It is submitted that Block v. Fitts, 259 La. 555, 250 So.2d 738 (1971) supports this view.
The writ application, which has not been opposed by respondent or the trial court, established that the workmen’s compensation claimant was paid disability benefits through July of 1973. The treating physician then discharged him as able to return to his prior employment. Medical expenses were paid by the employer’s insurer.
On January 11, 1974 claimant’s counsel wrote a letter demanding reinstatement of compensation, but failed to furnish medical evidence to support the claim. The insurer then mailed to claimant’s counsel copies of the medical reports which established claimant was able to return to his former employment, and requested medical reports which would indicate that claimant was disabled.
*510 On February 18, 1974 plaintiff’s counsel mailed to the insurer a February 15, 1974 medical report stating that the accident caused venous thrombosis which handicaps claimant’s “ability to make a livelihood and causes pain and stiffness of leg.” Suit was filed the same day this medical report was mailed to the insurer. On February 21, 1974, claimant’s compensation benefits were brought up to date by payment of the sum of $1,380.20 which paid benefits through the day that defendant filed its exception of pematurity.
The exception of prematurity should have been sustained. Boss v. Marquette Casualty Company, 150 So.2d 67 (La.App. 3 Cir. 1963) and cases cited therein. Malone’s Workmen’s Compensation Law and Practice, 1951 edition, page 490.
Claimant can only establish at trial that he is entitled to what he is now receiving. On appeal we must conclude that the suit was prematurely filed.
While reluctant to interfere with orderly proceedings in the trial court, I am also reluctant to require parties to participate in a useless trial.
I respectfully dissent from the refusal to grant the application for writs.