GAUDIN, Judge.
Petitioner, Gretna Glass & Mirror Works, Inc., brought this action against the Crescent City Baptist Church and Realty Resources, Inc. to enforce a materialman’s lien.
Following an adverse judgment in the district court, defendants lodged this appeal.
The facts, generally not in dispute except in only one significant part, are these:
The Crescent City Baptist Church contracted with Realty Resources, Inc., whereby Realty Resources was to construct a building for the Crescent City Baptist Church. Gary P. Daigle, representing Realty Resources, called on Edward M. Kass, president of Gretna Glass, and asked for a bid on eighty-eight (88) windows. Mr. Kass submitted an oral bid, which was accepted.
Gretna Glass assembled the windows in aluminum frames and delivered them to the construction site. Subsequently, the contractor refused to accept and use the windows as the frames were of aluminum and not steel, and did not meet building code standards.
The prime issue for adjudication was whether the plans and specifications given to Mr. Kass by Mr. Daigle called for aluminum windows.
At the trial, several sets of plans and specifications were produced, including one set that clearly specified aluminum windows. Mr. Kass testified that this was the set presented to him by Mr. Daigle, while Mr. Daigle said that another set had been used.
The trial judge resolved this factual dispute in Gretna Glass’ favor, and we find no manifest error.
Defendants further contend that a person of Mr. Kass’ experience should have realized that aluminum windows would not meet building code requirements.
However, the testimony showed Mr. Kass’ expertise to be in the field of glass windows. He had no special knowledge with regard to the fire-resisting differences between aluminum and steel, and he had no unusual awareness of building code specifications.
If the plans and specifications given to Mr. Kass were erroneous, and obviously they were, he was under no duty to check further. The law imposes no such duty even on an experienced contractor receiving plans from an owner. See LeBreton v. Brown, La.App., 260 So.2d 767; Sisters of the Good Shepherd v. Quinn Const. Co., La.App., 225 So.2d 225; Pittman Construction Co. v. City of New Orleans, La.App., 178 So.2d 312; and also LSA-R.S. 9:2771.
*838 When the contractor learned that aluminum windows couldn’t be used, he directed Gretna Glass to take them back.
The trial judge awarded the amount of the verbal contract, minus a salvage value.
We affirm.

AFFIRMED.