460 So.2d 1053 (1984)
Carole Edna HALL, Plaintiff-Appellant,
v.
Shannon HALL, Defendant-Appellee.
No. 16302-CA.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1984.
On Rehearing December 5, 1984.
*1054 Smith & Hingle by Gilmer P. Hingle, Monroe, for plaintiff-appellant.
Blackwell, Chambliss, Hobbs & Henry by James A. Hobbs, West Monroe, for defendant-appellee.
Before PRICE, HALL and NORRIS, JJ.
*1055 NORRIS, Judge.
Carole Edna Hall appeals the granting of a motion for summary judgment declaring Shannon Hall to be the owner of certain immovable property as his separate property and cancelling a notice of lis pendens filed in connection with this action.
Mrs. Hall contends that the trial court committed error:
(1) In determining that plaintiff's Affidavit in Opposition to Motion for Summary Judgment could not be considered; and therefore, granting defendant's Motion for Summary Judgment;
(2) In further determining that (partial) summary judgment was appropriate because there was both no genuine issue of material fact and defendant was entitled to judgment as a matter of law, affidavits considered or not considered; [and]
(3) In the allowing use of Motion for Summary Judgment to cancel and erase matters from the public records without a mandamus suit/proceedings.

FACTS
On October 21, 1983, Mrs. Hall filed a petition seeking a partition of community property. Contained within the petition was the allegation that property acquired by the parties consisted of both movable and immovable property. The immovable property was particularly described as follows:
A parcel of land in the Northwest quarter of the Northeast quarter (NW ¼ of NE ¼, Section 5, Township 17 North, Range 1 East, Ouachita Parish, Louisiana, commencing at a point 509.7 feet North 2 degrees 37 minutes West from the Southwest corner of said Northwest quarter of Northeast quarter (NW ¼ of NE ¼) of Section 5 for the Point of Beginning; said Southwest corner established by others; thence North 89 degrees 49 minutes East 300.0 feet to a point; thence North 2 degrees 37 minutes West 440.0 feet to a point; thence North 87 degrees 16 minutes West 300.0 feet to a point; thence South 2 degrees 37 minutes East 455.3 feet to the Point of Beginning, said parcel containing 3.16 acres, more or less.
It was further alleged that Mrs. Hall was the owner of separate property in the possession of Mr. Hall for which he was indebted to her separate estate, and that he had mismanaged certain community property under his control causing Mrs. Hall damage in the amount of $5000. It was finally alleged that in the event that the parties could not agree as to what constituted community property and what should be reimbursed to Mrs. Hall's separate estate that a Notary Public should be appointed to make an inventory.
In response, Mr. Hall filed an Exception of No Cause of Action on the grounds that the petition failed to state a cause of action under La.R.S. 9:2801 and a Motion for Summary Judgment seeking a judgment declaring the aforedescribed immovable property to be his separate property. The only attachment to the motion was a deed which stated that at the time that the property was purchased by Mr. Hall that he was a single man. A later supplemental motion was filed to which was attached a correction deed executed for the purpose of correcting a distance call. That deed also recited that Mr. Hall was a single man.
The hearing on the motion was held on December 6, 1983. At the hearing Mrs. Hall's counsel attempted to refer to a counteraffidavit with attachments filed in the record on December 2, 1983, four days prior to the hearing. Counsel for Mr. Hall objected to the court's consideration of this affidavit on the ground that he had not received a copy. However, the affidavit contained a certificate of service certifying that a copy had been mailed to opposing counsel at his address on December 2, 1983. The affidavit was further objected to on the ground that the use of the affidavit would be improper because it would be offering for consideration facts not admissible under La.C.C.P. Art. 967.
Upon a finding that there was no genuine issue of fact as to the title of the property after sustaining defense counsel's *1056 objection to the counteraffidavit, the trial court granted the motion and ordered a notice of lis pendens filed in connection with this proceeding cancelled and erased from the records.

ASSIGNMENT OF ERROR NO. 1
In connection with this assignment, counsel for Mrs. Hall argues that it was error for the trial court to have refused to consider the counteraffidavit of Mrs. Hall and its attachments because the affidavit was timely filed and served.
La.C.C.P. Art. 966 provides that the party opposing the motion may serve opposing affidavits prior to the date of the hearing. Counteraffidavits must be filed prior to the day before the hearing or they cannot be considered. Jones v. Jones, 385 So.2d 880 (La.App. 2d Cir.1980). Furthermore, counteraffidavits must be served prior to the day of the hearing in order for them to be considered. Bonnette v. Century Ready-Mix, 369 So.2d 1201 (La.App. 2d Cir.1979).
In the instant case, there is no question that the counteraffidavit with attachments was timely filed because it was filed of record four days prior to the day of the hearing. The question presented here is whether or not the counteraffidavit was timely served. In fact, the specific issue presented for resolution is whether or not an affidavit filed four days prior to the hearing on the motion which contains a certificate of service certifying that the affidavit was mailed to opposing counsel on the same day is timely served for the purposes of La.C.C.P. Art. 966 although it is not received by opposing counsel prior to the day of the hearing.
La.C.C.P. Art. 1313 provides:
A pleading which requires no appearance or answer, or which under an express provision of law may be served as provided in this article, may be served either by the sheriff or by:
(1) Mailing a copy thereof to the adverse party at his last known address, or to his counsel of record, this service being complete upon mailing;
(2) Delivering a copy thereof to the adverse party, or to his counsel of record; or
(3) Delivering a copy thereof to the clerk of court, if there is no counsel of record and the address of the adverse party is not known.
When service is made by mail or delivery, the party or counsel making the service shall file in the record a certificate of the manner in which service was made.
This article is applicable to the service of affidavits filed in opposition to motions for summary judgment. See Bonnette v. Century Ready Mix, supra.
The Supreme Court was called upon to interpret the meaning of this article in Block v. Fitts, 259 La. 555, 250 So.2d 738 (1971). The Block court stated that La.C. C.P. Art. 1313(1) contemplates the mailing of copies of filed documents and that a document mailed in connection with this article becomes an official pleading when it is actually filed with the Clerk of Court. Upon this filing, service by mailing becomes effective. Therefore, when service of a document is by mail, service is complete when it is mailed and filed, notwithstanding the order in which these tasks are accomplished.
Applying this rationale to the facts of the instant case, we conclude that the certificate of service dated the same day as the filing of the counteraffidavit is prima facie proof that it was mailed on the same day that it was filed, thereby showing of record that it was served timely for purposes of La.C.C.P. Art. 966. Article 1313 requires that the party or counsel making the service filed of record a certificate showing the manner in which service was made. This "Certificate of Service" is presumed to be correct, but not conclusively so, and may be refuted or amended and corrected when it is shown in an appropriate proceeding to be in error. Compare Haywood v. Salter, 421 So.2d 1190 (La. App. 2d Cir.1982). Accordingly, in a proper evidentiary proceeding it may be established *1057 that a certificate of service is incorrect and that in fact the document was not served in the manner reflected by the certificate; that is, that it was not mailed at all, it was mailed to the wrong party or the wrong address, and/or it was not mailed timely.
There was no appropriate evidentiary hearing in this case to determine the factual circumstances surrounding the service of the counteraffidavit. Counsel for the proponent of the motion simply objected to the consideration of the counteraffidavit because he had not received a copy of it. This was insufficient to rebut the presumption attached to the certificate of record and the trial court was in error in refusing to consider the counteraffidavit and its attachments on this basis.

ASSIGNMENT OF ERROR NO. 2
In connection with this assignment, it is argued that the motion for summary judgment was improvidently granted notwithstanding the failure to consider the counteraffidavit.
Motions for summary judgment are provided for in La.C.C.P. Arts. 966 and 967.[1] As we formerly stated in Watson v. Cook, 427 So.2d 1312 (La.App. 2d Cir.1983):
A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. * * * The movant for the summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact and any doubt as to the existence of such issue of material fact is to be resolved against granting the motion. * * To satisfy his burden, the party moving for the summary judgment must meet a strict standard by showing that it is quite clear as to what the truth is, and that excludes any real doubt as to the existence of material fact. * * * The papers *1058 supporting the position of the party moving for the summary judgment are to be closely scrutinized while the opposing papers are to be indulgently treated, in determining whether mover has satisfied his burden. * * * Where the trial court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in affidavits and attached exhibits, reasonable inferences must be viewed in the light most favorable to the party opposing the motion. * * * No summary judgment will be granted even if the trial court has grave doubts regarding a party's ability to establish disputed facts. * * * It is not the function of the trial court on a motion for summary judgment to determine or even inquire into the merits of the issues raised. * * [Citations omitted.]
As further stated in Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980):
* * * On a motion for summary judgment the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleadings.
In deciding whether all material issues have in fact been disposed of, any doubt is to be resolved against the granting of summary judgment and in favor of trial on the merits. [Citations omitted.] * *
Accordingly, the first question for our resolution in this case is whether or not Mr. Hall, as the moving party, satisfied his burden of showing that there was no genuine issue of material fact and that he was entitled to judgment as a matter of law.
The only documents introduced in support of Mr. Hall's motion were certified copies of the deeds stating that he was a single man at the time of the purchase and at the time that the deed was corrected. It is the position of Mr. Hall on appeal that because the authentic acts relating to the purchase of the property show that he was single at the time of the purchase of the property he is entitled to a declaratory judgment as a matter of law under La.C.C. Arts. 2334,[2] 2236 and 2276, absent a showing by Mrs. Hall that he was not single at the time that the property was purchased, declaring that the property is his separate property.
Although Mr. Hall's position may have had merit prior to recent legislative changes regarding the ownership or property and the dissolution of matrimonial regimes, under the present state of the law and for the reasons hereinafter stated, we conclude that the particular declaratory relief obtained through the granting of the motion for summary judgment was inappropriate in this case.
The resolution of all matters pertaining to the partition of the community property and settlement of claims arising from matrimonial regimes after termination of the community is now specifically provided for by recent legislation enacted for the specific purpose of settling all matters pertaining to the community, settling all claims by and against each spouse and providing for methods of protecting those claims.
La.R.S. 9:2801 provides:
When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising from the matrimonial regime, either spouse, upon termination of the matrimonial regime, may institute a proceeding, which shall be conducted in accordance with the following rules:
(1) Each party shall file a sworn detailed descriptive list of all community property, the fair market value and location of *1059 each asset, and all community liabilities. Each party shall affirm under oath that the detailed descriptive list filed by that party contains all of the community assets and liabilities then known to that party. Amendments to the descriptive lists shall be permitted. No inventory shall be required. Upon motion of either party, the court shall set a time limit for the filing of each detailed descriptive list.
(2) Each party shall either traverse or concur in the inclusion or exclusion of each asset and liability and the valuations contained in the detailed descriptive list of the other party. Upon motion of either party, the court shall fix a time limit within which each party shall either traverse or concur. The trial of the traverses may be by summary procedure. At the trial of the traverses, the court shall determine the community assets and liabilities; the valuation of assets shall be determined at the trial on the merits. The court, in its discretion, may by ordinary procedure try and determine at one hearing all issues, including those raised in the traverses.
(3) The court may appoint such experts pursuant to Articles 192 and 373 of the Louisiana Code of Civil Procedure as it deems proper to assist the court in the settlement of the community and partition of community property, including the classification of assets as community or separate, the appraisal of community assets, the settlement of the claims of the parties, and the allocation of assets and liabilities to the parties.
(4) The court shall then partition the community in accordance with the following rules:
(a) The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties.
(b) The court shall divide the community assets and liabilities so that each spouse receives property of an equal net value.
(c) The court shall allocate or assign to the respective spouses all of the community assets and liabilities. In allocating assets and liabilities, the court may divide a particular asset or liability equally or unequally or may allocate it in its entirety to one of the spouses. The court shall consider the nature and source of the asset or liability, the economic condition of each spouse, and any other circumstances that the court deems relevant. As between the spouses, the allocation of a liability to a spouse obligates that spouse to extinguish that liability. The allocation in no way affects the rights of creditors.
In the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money, either cash or deferred, secured or unsecured, upon such terms and conditions as the court shall direct. The court may order the execution of notes, mortgages, or other documents as it deems necessary, or may impose a mortgage or lien on either community or separate property, movable or immovable, as security.
(d) In the event that the allocation of an asset, in whole or in part, would be inequitable to a party, the court may order the parties to draw lots for the asset or may order the private sale of the asset on such terms and conditions as the court deems proper, including the minimum price, the terms of sale, the execution of realtor listing agreements, and the period of time during which the asset shall be offered for private sale.
(e) Only in the event that an asset cannot be allocated to a party, assigned by the drawing of lots, or sold at private sale, shall the court order a partition thereof by licitation. The court may fix the minimum bids and other terms and conditions upon which the property is offered at public sale. In the event of a partition by licitation, the court shall expressly state the reasons why the asset cannot be allocated, assigned by the drawing of lots, or sold at private sale.
*1060 Because this legislation is procedural and remedial it is applicable even when a community was terminated prior to its enactment. Simon v. Simon, 421 So.2d 931 (La.App. 4th Cir.1982). Therefore, its effect must be considered in determining whether the granting of the declaratory judgment through the vehicle of the motion for summary judgment was appropriate in this case.
First of all, the relief sought through this motion is a declaratory judgment seeking to declare certain property to be the separate property of Mr. Hall. Declaratory judgments are specifically provided for by law and a trial court is given the discretion to refuse declaratory relief when it would not be appropriate or definitive under the circumstances. Furthermore, the broad discretionary power to determine whether a request for declaratory judgment is properly one for such relief may be exercised by appellate courts as well as trial tribunals. Michell v. Louisiana State Board of Optometry Examiners, 128 So.2d 825 (La.App. 3d Cir.1961); Atchafalaya Basin Levee District v. Pecquet, 364 So.2d 610 (La.App. 1st Cir.1978).
We conclude that the declaratory relief sought in this motion for summary judgment is inappropriate to proceedings brought under La.R.S. 9:2801 to settle community affairs because it defeats the purpose behind the legislation and fosters piecemeal determinations of issues which are contemplated by the legislation itself to be handled in relation to the settlement of the community and claims arising therefrom and related to it in such a manner as to foster an equitable result for both spouses. This legislation provides in detail the procedure for a judicial partition of community property, an order of priority and guidelines to be followed in the allocation of assets and liabilities. It authorizes the court, as a part of the proceedings, to partition the community property, to settle claims of the spouses which may include claims for reimbursement, accounting or damages for fraud or bad faith in the management of community property. It affords the trial court the much needed latitude to arrive at an equitable distribution of assets and liabilities between the spouses and the extent of its utility is far reaching and particularly suited to such a proceeding. See 43 La.L.Rev. 513.
While this legislation has not been judicially interpreted with any degree of certainty at this point, the extent of the trial court's discretion to resolve problems associated with the dissolution and partition of community property and liabilities appears from its very language to be far reaching. For example, it might be possible for a trial judge to determine that a family home built with community funds on separate property be classified as community property under appropriate circumstances. See La. C.C. Arts. 491 and 493. See also Deliberto v. Deliberto, 400 So.2d 1096 (La.App. 1st Cir.1981). It is also conceivable under this legislation that a court could order that a spouse execute a note to the other spouse for sums due that spouse and require that the debtor spouse issue to the creditor spouse a mortgage or lien on the debtor spouse's separate property to secure that debt. To allow a spouse to obtain a final judgment declaring property to be his separate property prior to the resolution of all matters pertaining to the dispute between the spouses could well defeat the purpose of the article if after obtaining this final judgment the spouse sold the property to an innocent third party and exhausted the funds obtained from the sale prior to a resolution of the community.[3] All of these *1061 matters are best left to a proceeding held in accordance with the applicable statute which affords the trial court a full and detailed picture of the entire actual situation existing between the parties prior to arriving at a resolution.
Accordingly, we conclude that Mr. Hall has not shown that he is entitled to judgment as a matter of law because he does not even attempt to claim much less does he show that there is no community property or that Mrs. Hall does not have claims arising from the matrimonial regime to be settled. Thus, the trial court was in error in granting the summary judgment.
However, we note ex proprio motu, that the petition filed by Mrs. Hall is not in compliance with La.R.S. 9:2801. We hold that this proceeding is to be governed by that statute and conducted according to its provisions. See Simon v. Simon, supra. Accordingly, we reverse the judgment of the trial court and remand this matter to the district court for proceedings consistent with this opinion.[4] Costs of this appeal are to be divided equally between the parties.
JUDGMENT REVERSED; CASE REMANDED WITH INSTRUCTIONS.
Before PRICE, HALL, MARVIN, SEXTON and NORRIS, JJ.

ON REHEARING
NORRIS, Judge.
We granted a rehearing in this case to reconsider certain pronouncements in our original opinion which may have gone beyond the issues presented and may constitute unnecessary obiter dicta. Upon reconsideration, we adhere to our original opinion insofar as it sets forth the factual posture of the case and our treatment of assignment of error number one. However, we set aside that portion of our original opinion that embodies assignment of error number two, but reach the same result on rehearing as in our original opinion for the following reasons.

ASSIGNMENT OF ERROR NO. 2
In connection with this assignment, appellant argues that the motion for summary judgment was improvidently granted notwithstanding the failure to consider the counteraffidavit.
A motion for summary judgment should be granted if, and only if, there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Credithrift of America, Inc. v. Williams, 426 So.2d 339 (La.App. 2d Cir.1983). Even if there is no genuine issue of material fact, summary judgment is improper if the mover is not entitled to judgment as a matter of law. Credithrift of America, Inc. v. Williams, supra.
Not conceding the point, but assuming for sake of argument that there is no genuine issue of material fact, we conclude that appellee is not entitled to summary judgment as a matter of law and reverse and remand.
The detailed procedure for resolving all matters pertaining to the partition of the community property and settlement of claims arising from matrimonial regimes after termination of the community is now specifically provided for by recent legislation enacted for that purpose. La.R.S. 9:2801.[1] Because this legislation is procedural and remedial it is applicable even when a community was terminated prior to its enactment. Hinton v. Hinton, 452 So.2d 417 (La.App. 3d Cir.1984); Simon v. Simon, 421 So.2d 931 (La.App. 4th Cir. 1982). Therefore, its effect must be considered in determining whether the granting of the motion for summary judgment was appropriate in this case.
*1062 We conclude the declaration that the immovable property was the separate property of appellee through the granting of the motion for summary judgment at the stage in these proceedings when granted was inappropriate under 9:2801. This legislation provides in detail the mandatory procedure for a judicial partition of the community property and settlement of claims arising from the matrimonial regime. In the instant case, the record reveals the parties made no attempt to follow the mandatory procedure set forth in 9:2801. Neither party filed the required sworn detailed descriptive list of all community property with the fair market value and location of each asset, and all community liabilities in accordance with 9:2801(1). Thus, neither party was in a position to traverse or concur in the inclusion or exclusion of each asset and liability and the valuations contained in the other's descriptive list. Admittedly, the trial of the traverses "may be by summary procedure"; however, there was nothing to traverse in the instant case that complied with the mandatory statutory scheme at the time the motion for summary judgment was filed and ruled on.
To allow a spouse to obtain a final judgment declaring one item of property to be his separate property without compliance with 9:2801 would without doubt defeat the clear intent and purpose of the statute. Therefore, we conclude that the trial court was in error in granting the motion for summary judgment absent compliance with the mandatory provisions of 9:2801 by the parties to this litigation. In sum, appellee was not entitled to summary judgment at the stage of these proceedings when granted, as a matter of law.
This proceeding is governed by 9:2801 and must be conducted strictly in accordance therewith. Hinton v. Hinton, supra; Simon v. Simon, supra. The procedural scheme of the statute should accomodate, rather than impede, an equitable partition of the community. Accordingly, we reverse the judgment of the lower court granting appellee's motion for summary judgment and remand this matter to the trial court for proceedings consistent with this opinion. Costs of this appeal are to be divided equally between the parties.
JUDGMENT REVERSED; CASE REMANDED WITH INSTRUCTIONS.
NOTES
[1] La.C.C.P. Arts. 966 and 967 provide:

Art. 966.
The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. [Emphasis added.]
Art. 967.
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees. Any offending party or attorney may be adjudged guilty of contempt.
[2] La.C.C. Art. 2334 formerly provided:

Separate property is that which either party brings into the marriage.
[3] In Mrs. Hall's affidavit she states that as evidenced by an "Act of Correction of Deed and Act of Correction of Act of Correction of Deed" filed of record in the conveyance records of Ouachita Parish, as reflected by the certified copy attached to her affidavit that the vendor conveyed the property in question to Mr. Hall with the intent that the property belong to Mr. and Mrs. Hall. She further recites that part of the original purchase price was paid by Mrs. Hall, that the value of the land is minimal compared to the value of the house located thereon which was paid for mostly with community funds and that Mr. Hall has signed a listing agreement to sell the house and the property as is reflected by an attached copy of that listing agreement and that she is afraid that he may sell the property and return to his home state of Virginia affecting her chances of realizing her interest in her home.
[4] Because of our holding in connection with Assignment of Error No. 2 we pretermit any discussion of appellant's third assignment of error.
[1] See the text of this statute set forth in our original opinion in its entirety.