729 So.2d 624 (1999)
Marzell Ike DUMAS, et al., Plaintiffs-Appellants,
v.
ANGUS CHEMICAL COMPANY, IMC Fertilizer, et al., Defendants-Appellees.
No. 31,399-CA.
Court of Appeal of Louisiana, Second Circuit.
January 13, 1999.
*625 Dennis W. Hennen, Monroe, Fayard & Honeycutt by Calvin C. Fayard, Jr., Denham Springs, Cusimano & Aswell by Harold W. Aswell, Farmerville, Chester A. Bradley & Associates by Chester A. Bradley, III, Monroe, Theus, Grisham, Davis & Leigh by Charles H. Heck, Monroe, Herman, Herman, Katz & Cotler by Russ M. Herman, New Orleans, Leger & Mestayer by Michael J. Mestayer, New Orleans, deGravelles, Palmintier & Holthaus by David W. Robinson, Baton Rouge, Counsel for Appellants.
Lugenbuhl, Burke, Wheaton, Peck, Rankin & Hubbard by Claude F. Bosworth, New Orleans, Cook, Yancey, King & Galloway by Samuel W. Caverlee, Shreveport, Davenport, *626 Files & Kelly by Thomas W. Davenport, Jr., M. Shane Craighead, Monroe, Hudson, Potts & Bernstein by Ben R. Hanchey, Monroe, Chaffe, McCall, Phillips, Tolar & Sarpy by Peter A. Feringa, Jr., Douglas L. Grundmeyer, New Orleans, Hartline, Dacus, Dryer & Kern by C. Vernon Hartline, Jr., Dallas, TX, Cotton, Bolton, Hoychick & Doughty by John Hoychick, Jr., Rayville, Bickel & Brewer by Michael J. Collins, Elizabeth Handschuch, Dallas, TX, Counsel for Appellees.
Before MARVIN, NORRIS and STEWART, JJ.
STEWART, Judge.
Plaintiffs' Steering Committee (PSC) appeals the judgment of the trial court dismissing all claims against Grinnell Corporation and assigns four errors. For the following reasons, we affirm.

FACTS
In 1976, Grinnell submitted a bid for installation of a fire protection system at the Angus Chemical Company plant in Sterlington, Louisiana. Commercial Solvents Corporation, precursor to IMC Chemical Group, Inc., requested bids for a fire protection system and provided specifications and drawings which mandated the physical location of the system and type of equipment. Bidders on the project were required to estimate the cost and actually construct the fire protection system in compliance with the specifications and drawings provided. In response to the request for bids, Grinnell developed a cost estimate and installation drawings for construction of a "deluge" fire protection system. After being awarded the bid but prior to construction beginning, Grinnell provided installation drawings pursuant to instructions by IMC. After approval, Grinnell constructed the "deluge" system. Then, in 1980, IMC asked Grinnell to expand one system according to drawings provided by IMC.
On May 1, 1991, a series of explosions at the chemical plant in Sterlington, Louisiana, killed eight persons, injured hundreds, and caused over $150 million in property damage to the plant, neighboring homes, businesses, schools, and churches. A class action lawsuit arose as a result of that incident and was filed against numerous defendants, including Grinnell Corporation, on April 29, 1992.
By motion filed on July 21, 1997, Grinnell moved for summary judgment seeking dismissal of all claims pursuant to La. R.S. 9:2771 and 9:2772. (Grinnell also moved for partial summary judgment relative to exemplary damages under La. C.C. art. 2315.3, which motion was unopposed by PSC.) A courtesy copy of that motion was mailed to PSC. The trial court ordered that the two motions be heard as separate rules to show cause with one other rule filed by Angus. The Clerk of Court issued orders setting the three rules for hearing on August 15, 1997.
At hearing, PSC informed the trial court that they had no evidence of having been served with the motion for summary judgment based on La. R.S. 9:2771 and 9:2772. However, PSC announced that they were prepared to proceed with argument provided PSC was allowed the opportunity to file opposition to the motion with attached depositions after the hearing. When PSC offered the deposition transcripts at hearing, Grinnell objected because the depositions were not filed 24 hours prior to hearing. The trial court sustained the objection but permitted PSC to file an opposition memorandum with the depositions attached.
On November 19, 1997, the district court, in written reasons, granted Grinnell's motion for summary judgment based solely on La. R.S. 9:2771. The court did not address the applicability of La. R.S. 9:2772. PSC now appeals and assigns four errors.

DISCUSSION

Insufficiency of service of process
PSC asserts that the trial court erred in dismissing all claims against Grinnell because the judgment is null and void for insufficient service of process of the motion for summary judgment. Grinnell counters that PSC failed to file an exception prior to or during hearing on the motion and that failure constituted a waiver of the right to object.
A motion for summary judgment is a contradictory proceeding which requires *627 service of process. La. C.C.P. arts. 1313 and 1314. However, a party complaining of insufficient service must file a declinatory exception and request a ruling on the exception prior to submitting to hearing on the merits of the motion for summary judgment. Strickland v. Board of Supervisors of LSU, 432 So.2d 964 (La.App. 4th Cir.1983); LeBlanc v. Landry, 371 So.2d 1276 (La.App. 3rd Cir.1979); Normand Co. v. Abraham, 176 So.2d 178 (La.App. 4th Cir.1965). A party who fails to file an exception of insufficient service and appears and argues the merits of a motion for summary judgment waives the right to object to improper service. In Re Medical Review Panel for Claim of Brunet, 578 So.2d 1011 (La.App. 4th Cir.1991); Strickland v. Board of Supervisors of LSU, supra; LeBlanc v. Landry, supra; Normand Co. v. Abraham, supra. The exception must be in writing. La. C.C.P. art. 924.
PSC failed to file an exception of insufficient service of process prior to appearing and arguing the motion for summary judgment filed by Grinnell. PSC also failed to orally object to service of process at the hearing on the motion for summary judgment. At hearing, PSC stated for the record that they were "prepared to argue" and then addressed the merits of the motion. We conclude that PSC waived the right to object to insufficient service of process. This assignment is without merit.

Proffer of deposition transcripts
PSC contends that the trial court abused its discretion in sustaining Grinnell's objection to the proffer of deposition transcripts at hearing. Grinnell cites La. C.C.P. art. 966(B) in support of its position that the trial court properly refused the "proffer of contradictory evidence" by PSC at hearing on the motion for summary judgment.
La. C.C.P. art. 966 provides that depositions and affidavits in support of or opposition to motions for summary judgment shall be served prior to hearing. See Shreveport Plaza Associates, Ltd. Partnership v. L.R. Resources II, 557 So.2d 1067 (La.App. 2nd Cir.1990); Hall v. Hall, 460 So.2d 1053 (La. App. 2nd Cir.1984). Fourth Judicial District, Rule XVII(B) requires that opposition to a motion must be filed no less than 24 hours before hearing on the motion.
PSC failed to file opposing memorandum, depositions, or other documentary evidence prior to hearing on the motion for summary judgment. Therefore, we conclude that the trial court did not abuse its discretion in excluding the contradictory evidence offered by PSC at hearing on the motion. This assignment is without merit.

La. R.S. 9:2771
The primary issue raised on appeal is whether La. R.S. 9:2771 provides immunity to Grinnell. PSC argues that Grinnell is not immune from liability on two grounds. First, PSC asserts that La. R.S. 9:2771 is not applicable because Grinnell was manufacturer of the fire protection system, not a "contractor" under the provisions of that statute. Second, PSC contends that a genuine issue of material fact exists regarding whether Grinnell knew or had reason to know the hazards which were to be protected by the "deluge" system.
Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991), directs that an appellate court conduct a de novo review of the documents supporting and opposing a motion for summary judgment under the same criteria which govern the district court's consideration of whether summary judgment is appropriate pursuant to La. C.C.P. art. 966. See also Adams v. Falcon Equipment Corp., 30,754 (La.App. 2nd Cir. 8/21/98), 717 So.2d 282; Traweek v. Jackson, 30,248 (La.App. 2nd Cir. 2/25/98), 709 So.2d 867; Berzas v. OXY USA, Inc., 29,835 (La.App. 2nd Cir. 9/24/97), 699 So.2d 1149. Thus, an appellate court questions whether a genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318 (La.1993); Gleason v. State Farm, 27,297 (La.App. 2nd Cir. 8/23/95), 660 So.2d 137, writ denied, 95-2358 (La.12/15/95), 664 So.2d 454.
Effective May 1, 1996, La. C.C.P. art. 966 was amended to legislatively overrule the jurisprudential presumption against summary *628 judgment. See Acts 1996, 1st Ex.Sess., No. 9. The amendment "leveled the playing field" between the parties by allowing the supporting documents submitted by the parties to be scrutinized equally and removing the overriding presumption in favor of trial on the merits. Hayes v. Autin, 96-287 (La. App. 3rd Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 691; Berzas v. OXY USA, Inc., supra. A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; Adams v. Falcon Equipment Corp., supra; Mixon v. Progressive Specialty Co., 29,698 (La.App. 2nd Cir. 6/18/97), 697 So.2d 662.
Again in 1997, the legislature has amended La. C.C.P. art. 966 to state that if the moving party points out that there is an absence of factual support for one or more of the essential elements to the adverse party's claim, action, or defense, and the nonmoving party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact and summary judgment should be granted. Adams v. Falcon Equipment Corp, supra; Berzas v. OXY USA, Inc., supra. When a motion for summary judgment is made and supported, an adverse party may not rest on his pleadings, but his responses, by affidavits or other competent evidence, must set forth specific facts showing a genuine issue of material fact for trial. La. C.C.P. art. 967; Adams v. Falcon Equipment Corp., supra.
La. R.S. 9:2771 immunizes contractors who construct work according to plans or specifications furnished to him. That statute provides, in pertinent part:
No contractor shall be liable for destruction or deterioration of or defects in any work constructed, or under construction, by him if he constructed, or is constructing, the work according to plans or specifications furnished to him which he did not make or cause to be made and if the destruction, deterioration or defect was due to any fault or insufficiency of the plans or specifications....
A contractor who strictly adheres to plans or specifications furnished to him is relieved of liability to third persons when the contractor has no reason to believe that alleged deficiencies contained in such plans and specifications would lead to a dangerous condition. Arnold v. Our Lady of the Lake Hospital, 562 So.2d 1056 (La.App. 1st Cir.1990).
The record evidence established that the IMC furnished the specifications and controlled design of the deluge system, that the specifications dictated details of the type of system, the physical layout of the system, the required components, the density of water spray coverage, and the type and location of activation mechanisms, that IMC reserved the right to modify and approve the deluge system. Evidence in support of the motion for summary judgment demonstrated that Grinnell installed the system according to specifications provided by IMC, as modified by IMC and as approved by the engineer and insurance provider for IMC.
Raymond Skiles, manager of the Grinnell team who developed a price estimate and installation drawings for construction of the deluge sprinkler systems, attested that IMC provided the original specifications, that those specifications required the contractor to prepare design drawings according to design details and particulars provided by IMC. He further stated that Grinnell merely provided "layout" drawings and then installed the system pursuant to specifications and demands of IMC. Mr. Skiles confirmed that IMC modified the drawings submitted by Grinnell.
The deposition testimony of David Forly showed that IMC provided drawings and specifications, including location of piping, sprinkler heads, and heat-activated devices, for an extension to the original system. The affidavit of Mr. Skiles established that the modification to the original system was consistent with the request by IMC and that Grinnell installed the extension specified by IMC.
In Tex-La Properties v. South State Insurance Co., 514 So.2d 707 (La.App. 2nd Cir.1987), this court held a subcontractor not *629 liable pursuant to La. R.S. 9:2771. The court reasoned that the owner/contractor formulated the design and specifications, modified the subcontractor's proposal, and reviewed and accepted the final proposal. See also City of Covington v. Heard, 428 So.2d 1132 (La.App. 1st Cir.1983).
Clearly, Grinnell is a "contractor" under La. R.S. 9:2771. IMC provided the specifications for the deluge system and mandated the type of materials to be used. They retained the right to modify and approve the drawings submitted by Grinnell. Grinnell installed the system according to design specifications provided by IMC. Based on the record evidence, we conclude that summary judgment is appropriate.
This assignment is without merit.

Knowledge of hazardous condition
PSC asserts that La. R.S. 9:2771 is inapplicable because Grinnell knew or should have known of hazards or defects in the system. PSC cites numerous authority in support of their argument that a contractor is not relieved of liability if that contractor knew or should have known that the plans and specifications would create a hazardous condition. See Oxley v. Sabine River Authority, 94-1284 (La.App. 3rd Cir.1995), 663 So.2d 497; Nolan v. S & W Steel Fabricators, Inc., 600 So.2d 929 (La.App. 2nd Cir. 1992).
The deposition testimony offered in support of the motion for summary judgment established that Grinnell did not know and had no reason to believe that the system design as specified by IMC would create a hazardous condition. Grinnell never performed, nor was requested to conduct a hazard analysis. IMC never informed Grinnell about the nature of the chemical process or any hazards presented by the mechanical devices at the plant. Mr. Forly testified that chemical process was "proprietary" and that Grinnell had no access to information about the plant's processes. Mr. Skiles testified that "trade secret and process confidentiality are common in chemical manufacturing" and that Grinnell was not privy to that information.
A contractor has no duty to examine plans and specifications provided by the owner to determine if those plans are adequate or deficient. Gretna Glass & Mirror Works, Inc. v. Crescent City Baptist Church, 357 So.2d 836 (La.App. 4th Cir.1978).
That Grinnell neither knew or had reason to know of any hazards present at the plant is uncontroverted. We conclude that La. R.S. 9:2771 is applicable.
This assignment is without merit.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court at appellant's cost.
AFFIRMED.
NORRIS, J., concurs in the result.