JOAN BERNARD ARMSTRONG, Chief Judge.
 

 | ,PIaintiffs-appeIlants, Elodie Granier Rome and Donald Francis Rome, appeal the August 5, 2010 summary judgment dismissal of their asbestos related personal injury claims against the defendants-appel-lees, Dover Engineered Systems, Inc. (hereinafter “Dover”) and Sargent Aerospace, Inc., along with them alleged liability insurer Liberty Mutual Insurance Company. We affirm.
 

 Liberty Mutual filed an appellee brief noting that it was sued solely in its capacity as the alleged insurer of Dover and adopting the arguments made in the Dover brief.
 

 The plaintiffs’ original petition was filed on September 17, 2009, by Elodie Granier Rome and her husband, Donald Francis Rome, claiming personal injury damages in connection with Elodie Rome’s contraction of mesothelioma from exposure to asbestos. Plaintiffs allege that Elodie Rome was exposed to asbestos through the work of her husband, Donald, her father-in-law, Joseph Orlando Rome, and her brother-in-law, Joseph Roger Rome, all of whom allegedly came into contact with asbestos while working at Avondale Shipyards, Inc.
 
 [1]
 
 As relates to this appeal, the plaintiffs argue asbestos exposure arising out of “as-
 
 *123
 
 bestosjcontaining2 products manufactured, sold, distributed and handled by Arnot Marine, among others.” The plaintiffs’ petition names numerous defendants, but the only ones involved in this appeal are those dismissed by the trial court from this suit as a result of the partial motion for summary judgment in favor of Dover Corporation, Dover Engineered Systems, Inc. (formerly known as Dover Diversified, Inc.), and Sargent Aerospace, Inc., which, along with Liberty Mutual Insurance Company, are hereinafter sometimes referred to collectively as “Dover” or simply the “defendants.”
 

 Pursuant to a joint motion filed by the plaintiffs and the defendants in this Court, Dover Corporation, Sargent Aerospace, Inc., and Liberty Mutual Insurance Company, this Court issued an Order on February 8, 2011, dismissing this appeal as it pertains to Dover Corporation, Sargent Aerospace and Liberty Mutual Insurance Company in its capacity as the alleged insurer of Dover Corporation and Sargent Aerospace, Inc. In the same Order, this Court maintained this appeal as it pertains to Dover Engineered Systems, Inc. and Liberty Mutual Insurance Company in its capacity as the alleged insurer of Dover Engineered Systems, Inc., which are now the only appellees remaining.
 

 The pivotal issue raised by the plaintiffs in their petition regarding the defendants is their allegation that the Dover defendants were successors in interest to “Arnot Marine,” and on that basis were successors to Arnot Marine’s asbestos liability for exposing the plaintiffs to asbestos. The motion for summary judgment which forms the basis for this appeal is premised on the defendants’ contention that they are not the successors in interest to Arnot Marine which they allege to be a totally unrelated entity. The trial court agreed with the Dover defendants and dismissed the plaintiffs’ claims against them.
 

 ^Earlier in the proceedings below, the defendants moved for summary judgment arguing that the plaintiffs could not prove causation. That motion for summary judgment was denied.
 

 In conducting our
 
 de novo
 
 review of the summary judgment now on appeal, the following summary judgment principles are particularly relevant to the record before us:
 

 First, despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent’s favor. See
 
 Independent Fire Insurance Co. v. Sunbeam Corp.,
 
 99-2181, 99-2257 at pp. 16-17 (La.2/29/00), 755 So.2d 226, 236 (noting the court “must draw those inferences from the undisputed facts which are most favorable to the party opposing the motion”); See also
 
 Hebert v. St. Paul Fire and Marine Ins. Co.,
 
 99-0333 (La. App. 4th Cir.2/23/00), 757 So.2d 814.
 

 Willis v. Medders,
 
 00-2507, p. 1 (La.12/8/00), 775 So.2d 1049, 1050:
 

 However, as this Court stated in
 
 Moody v. City of New Orleans,
 
 99-0708, pp. 1-2 (La.App. 4 Cir. 9/13/00), 769 So.2d 670, 671:
 

 [According to La. C.C.P. 966(C)(2), the mover need not negate all essential elements of the adverse party’s claim, action, or defense, but rather need point out to the court that there is an absence of factual support of one or more elements of the claim. Once the movant negates such a necessary element(s) of the adverse party’s claim, the burden then shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his
 
 *124
 
 evidentiary burden of proof at trial.
 
 Lozier v. Security Transfer and Inv. Corp.,
 
 96-2690 (La.App. 4 Cir. 4/30/97), 694 So.2d 497. The effect of the legislature’s 1996 amendment to La. C.C.P. art. 966 is that the non-moving party is not allowed to rely on the allegations of its pleadings in opposition to a properly supported motion for summary judgment.
 
 Oakley v. Thebault,
 
 96-0937 (La. App. 4 Cir. 11/13/96), 684 So.2d 488.
 

 |4According to the plaintiffs, Dover evolved as the successor of Arnot Marine Division of Kahr Bearing Corporation through the following chain of events:
 

 1. Kahr Bearing Corporation was incorporated in February 1960.
 

 2. In January of 1961, Kahr Bearing Corporation acquired the Arnot Marine Division of Aetna Steel Products Corporation.
 

 3. Kahr Bearing Corporation was sold to General Acceptance Corporation in 1967.
 

 4. In 1969, General Acceptance Corporation sold Kahr Bearing Corporation to Sargent, Inc.
 

 5. In 1973, Kahr Bearing Corporation was merged into Sargent Industries, Inc.
 

 6. In 1987, Sargent Industries, Inc. changed its name to Dover Sargent.
 

 7. In 1990, Dover Sargent changed its name to Dover Diversified.
 

 8. Dover Diversified is now known as Dover Engineered Systems, Inc., the defendant in this case.
 

 In this manner, the plaintiffs contend that the defendant is the successor in interest to any asbestos liabilities attributable to the Arnot Marine Division of Kahr Bearing Corporation. We note that there is substantial evidence in the record to support this theory of corporate succession. We find that the plaintiffs raised the issue of successor liability through the Ar-not Marine Division of Kahr Bearing in the trial court and, therefore, have the right to argue it again here on appeal. Additionally, it is also significant that Dover does not deny that it is the successor to Kahr Bearing Corporation. Therefore, there is an issue of fact as to whether Dover is the successor of the Arnot Marine Division of Kahr Bearing. However, this issue of fact is only material if there is also in the record a genuine issue of material fact concerning whether the plaintiffs’ asbestos exposure can be attributed Rto the Arnot Marine Division of Kahr Bearing. If this Court were to assume for purposes of argument that Dover was indeed the successor to the Arnot Marine Division of Kahr Bearing Corporation, it would be irrelevant and immaterial if it could be shown that the asbestos exposure of which the plaintiffs complain is attributable to the Arnot Marine Corporation and not to the Arnot Marine Division of Kahr Bearing Corporation.
 

 In its brief on appeal, Dover asserts that there are three undisputed material facts:
 

 (1) The “Arnot Marine” entity which Plaintiffs claimed worked as a joiner subcontractor at Avondale and allegedly caused Plaintiffs’ injuries was a New York corporation named Arnot Marine Corporation;
 

 (2) Defendants never succeeded, either expressly or by operation of law, to the alleged liabilities of Arnot Marine Corporation.
 

 (3) Plaintiffs failed to present evidence necessary to generate a genuine issue of material fact for trial, or to otherwise support what Dover describes as their “belated” theory that the Arnot Marine to which the plaintiffs refer in their pleadings is the unincorporated Arnot Marine “Division” of Kahr Bearing Corporation, rather than the
 
 *125
 
 Arnot Marine Corporation. The plaintiffs contend that Dover is the successor to Kahr Bearing, and as such the successor to the asbestos liability of the Arnot Marine Division of Kahr Bearing.
 

 The fact that Arnot Marine Corporation and the Arnot Marine Division of Kahr Bearing have confusingly similar names seems to be the main source of controversy in this case. This confusion is compounded by the fact that the plaintiffs in their original petition refer simply to “Arnot Marine” and make no reference to either “Arnot Marine Corporation” or to the “Arnot Marine Division |fiof Kahr Bearing.” For example, in the first paragraph of the plaintiffs original petition, plaintiffs stated in pertinent part that:
 

 In addition, tortious conduct of Eagle, Inc., Arnot Marine, and Taylor-Seiden-bach, Incorporated occurred in the Parish of Orleans. Also, during the years of its tortious conduct, Arnot Marine was domiciled in Orleans Parish. [Emphasis added.]
 

 It is important to bear in mind that the plaintiffs do not contend that Arnot Marine Corporation and the Arnot Marine Division of Kahr Bearing are the same entity. Dover stresses that the plaintiffs do not base their claim on successor liability to Arnot Marine Corporation. Instead the plaintiffs contend that Dover is the successor to the liability to the Arnot Marine Division of Kahr Bearing.
 

 Dover sets up the following three part argument to counter the plaintiffs’ contention:
 

 (1) Dover asserts that the plaintiffs have alleged that the asbestos exposure that forms the basis of the plaintiffs’ suit occurred in proximity to work done by certain persons.
 

 (2) Dover asserts that those persons were shown by the plaintiffs’ own evidence to be employees of Arnot Marine Corporation.
 

 (8) Therefore, Dover concludes that any exposure the plaintiffs had to asbestos is attributable to Arnot Marine Corporation and the plaintiffs do not claim that Dover is a successor to Arnot Marine Corporation.
 

 In fact, the plaintiffs argued in the trial court in their opposition to the defendants’ motion for summary judgment that is the subject of this appeal that:
 

 ... Arnot Marine Division of Kahr Bearing Corporation performed the joiner work at Avondale, not Arnot Marine Corporation. The Dover defendants have not submitted any evidence whatsoever establishing that they are not the successor to the Arnot Marine |7Division of Kahr Bearing Corporation. [Emphasis added.]
 

 Likewise in their original brief on appeal, the plaintiffs argue that:
 

 It is the Dover defendants that have “created a new theory” by misrepresenting that plaintiffs alleged that Arnot Marine Corporation was succeeded by the Dover defendants when, in fact, plaintiffs do not.
 

 Therefore, consistent with the position taken by the plaintiffs and the defendants, we find that, for purposes of this appeal, Dover is not the successor to Arnot Marine Corporation, and that the plaintiffs’ asbestos exposure was not caused by
 
 both
 
 Arnot Marine Corporation
 
 and
 
 the Arnot Marine Division of the Kahr Bearing Corporation. Thus, it follows in the context of this appeal that if the plaintiffs were exposed to asbestos, and that exposure is attributable to Arnot Marine Corporation, then it is not attributable to the Arnot Marine Division of the Kahr Bearing Corporation. Therefore, as the plaintiffs have conceded that Dover is not the successor
 
 *126
 
 to Arnot Marine Corporation, if the plaintiffs’ exposure was the same as the exposure experienced by employees of Arnot Marine Corporation, then Dover cannot be responsible, even if it is the successor to the Arnot Marine Division of Kahr Bearing Corporation.
 

 The plaintiffs filed in the trial court a “Plaintiffs’ Opposition to the Motion for Summary Judgment Regarding Causation Filed on Behalf of Defendants, Dover Corporation, Dover Engineered Systems, Inc., and Sargent Aerospace, Inc.” (sometimes referred to as “Plaintiffs’ Opposition Based on Causation”) in opposition to a motion for summary judgment filed by the defendants denying causation. This summary judgment motion of the defendants was denied prior to the time the summary judgment that is the subject of this appeal came before the court, but the plaintiffs incorporated the Opposition by reference in their trial court |sopposition to the summary judgment motion that is the subject of this appeal. In that Opposition, the plaintiffs made the following relevant statements:
 

 In addition, Donald Rome recalled working with Ellis Falgoust. (Exhibit “3” deposition of Donald Rome, Volume 2, (3/19/10) at pp. 518-519.) Ellis Fal-goust worked for Arnot Marine at Avon-dale Shipyards from 1963 through 1964. (Exhibit “7” Social security Itemized statement of Earnings for Ellis Fal-goust; ...
 

 Roy Rose also worked for Arnot Marine at Avondale Shipyards during 1963 and 1964 doing both insulation and welding work on vessels. (Exhibit “9” Deposition of Roy Rose (1/14/04) at pp. 34-36, and 44-45; Exhibit “10” Deposition of Roy rose (8/10/09) at pp. 31, 34-35, 43, and 95; Exhibit “11” Deposition of Roy Rose (12/4/90) pp. 19-20, 51-52, and 80-81.) Mr. Rose recalled Arnot employees installing asbestos-containing paneling. ...
 

 Norris Babin, who also worked for Arnot Marine at Avondale in 1963 and 1964, testified that Arnot Marine did the same type of work that Hopeman Brothers, Inc. (“Hopeman Brothers”) did at Avondale, and would have used the same type of panels that Hopeman Brothers used. [Underlining in the original.]
 

 In all instances the plaintiffs refer to only one “Arnot Marine” and it is the Arnot Marine for which Ellis Falgoust, Roy Rose and Norris Babin worked. There is only one way to read the Plaintiffs’ Opposition Based on Causation, and that is that the Arnot Marine that employed Ellis Falgoust, Roy Rose and Norris Babin is the same Arnot Marine that is responsible for the plaintiffs’ exposure to asbestos. According to the records of the Social Security Administration admitted into evidence in connection with the defendants’ motion for summary judgment now before this Court, Messrs. Falgoust and Rose both worked for a company named “Arnot Marine Corp, 229 Park Avenue S, New York, New York 10003-0000,” which was identified as “Employer Number 13-1926154.” While Mr. Babin’s Social Security Earnings Statement was not made part of the record in this case (the defendants state that they were unable to obtain a copy of it since they were |9not made a party to Mr. Babin’s asbestos case), it is clear from Plaintiffs’ Opposition Based on Causation that Mr. Babin was employed at Avondale by the same company that had employed Messrs. Falgoust and Rose. The plaintiffs own submissions and arguments contend that their exposure to asbestos is attributable to the company for which Messrs. Falgoust, Rose and Babin worked. In this regard, the record permits of only one conclusion: Messrs. Fal-goust, Rose and Babin were employed by
 
 *127
 
 Arnot Marine Corporation. As plaintiffs do not contend that Dover is the successor to Arnot Marine Corporation, Dover cannot be responsible for the plaintiffs’ exposure to asbestos.
 

 The plaintiffs argue that it is possible that the Social Security records of Mr. Falgoust and Mr. Rose could be in error or that Arnot Marine Corporation was used merely to carry out the payroll obligations of another company and was not the actual employer of Messrs. Falgoust and Rose. The fact that something is possible, in the sense that anything is possible, is not sufficient to create a genuine issue of material fact. Additionally, after the defendants have come forward with these Social Security records, the burden shifts to the plaintiffs to show something more specific than merely speculating that another alternative but unsupported mere possibility exists. As this Court noted in
 
 Kelly v. West Cash & Carry Bldg. Materials Store,
 
 99-0102, p. 25 (La.App. 4 Cir. 10/20/99), 745 So.2d 743, 759:
 

 It takes more than the existence of a mere possibility to prove a fact by the preponderance of the evidence, and plaintiff has offered no evidence that she will ever be able to prove anything more at a trial on the merits. In the absence of anything more than plaintiffs mere conjecture on this issue, we find no genuine issue of material fact concerning Jimenez’s actions.
 

 Considering the above, we conclude that there is no genuine issue of material fact that: (1) The defendants are not the successors to Arnot Marine | ^Corporation, and (2) that if the plaintiffs were exposed to asbestos by any Arnot Marine, it was Arnot Marine Corporation and not the Ar-not Marine Division of Kahr Bearing.
 

 Plaintiffs also assign as error the failure of the trial court to admit some of the evidence they offered as well the trial court admission of certain evidence offered by Dover to which the plaintiffs objected, chief among which were the Social Security records of Messrs. Falgoust and Rose. Though the trial court’s decision to grant or deny a motion for summary judgment is subject to this Court’s
 
 de novo
 
 review, the trial court’s evidentiary rulings are subject to an abuse of discretion standard. For example,
 
 see Dumas v. Angus Chemical Co.,
 
 31,399, p. 3 (La.App. 2 Cir. 1/13/99), 729 So.2d 624, 627, where the abuse of discretion standard is applied. We find no abuse of the trial court’s discretion in its decision to admit the Social Security records.
 

 The plaintiffs also object to the admission of certain exhibits tending to show that Dover is the successor to Kahr Bearing. We find that the trial court did not abuse its discretion in this regard, but more importantly, as we have found that if either of the Arnot Marine entities is the responsible party, then it would be the Arnot Marine Corporation — and Dover is not the successor to Arnot Marine. Therefore, the trial court would have been more than justified in rejecting the plaintiffs’ exhibits relating to the Arnot Marine Division of the Kahr Bearing Corporation on the basis of irrelevancy alone.
 

 For the foregoing reasons, we affirm the judgment of the trial court.
 

 AFFIRMED.
 

 [1]
 

 . At the time this litigation arose, Northrop Grumman Shipbuilding, Inc. was Avondale's corporate successor.