722 So.2d 442 (1998)
Mickey Thomas PUGH, Plaintiff-Appellant,
v.
George D. BEACH, M.D., Defendant-Appellee.
No. 31,361-CA.
Court of Appeal of Louisiana, Second Circuit.
December 11, 1998.
*443 William G. Nader, Shreveport, Counsel for Appellant.
Herschel E. Richard, Jr., Shreveport, Counsel for Appellee.
Before BROWN, WILLIAMS and PEATROSS, JJ.
WILLIAMS, Judge.
In this medical malpractice action, the plaintiff, Mickey Thomas Pugh, appeals a summary judgment rendered in favor of defendant, Dr. George Beach. The district court found that plaintiff failed to present expert evidence necessary to establish that there is a genuine issue of material fact as to whether the defendant breached the standard of care in bruising plaintiff's nerve root during surgery. For the following reasons, we affirm.

FACTS
On September 20, 1994, the plaintiff entered Bossier Medical Center and underwent surgery to repair a ruptured disc. The defendant, George D. Beach, M.D., performed an anterior cervical discectomy at the C4-5 and C5-6 levels followed by an interbody fusion at C4-5 and C5-6. While drilling away osteophytes during the surgery, the defendant bruised the plaintiff's left C5 nerve root, causing a small dural tear. Thereafter, plaintiff began experiencing weakness and motor deficit in the deltoid area of his left arm.
After receiving an adverse opinion from a medical review panel, plaintiff filed this medical malpractice action. In his petition, plaintiff asserted that defendant's treatment failed to satisfy the appropriate standard of care, that this negligence caused plaintiff's injury and that the doctrine of res ipsa loquitur applied to his claim. Subsequently, defendant filed a motion for summary judgment on the grounds that there is no evidence that he breached the applicable standard of care and that the doctrine of res ipsa loquitur is not applicable in this instance. In support of the motion for summary judgment, defendant submitted the medical review panel's opinion and written reasons, the plaintiff's answers to interrogatories, and his signed medical consent form.
Plaintiff submitted his own affidavit and defendant's deposition in opposition to the summary judgment motion.[1] After a hearing, the district judge granted defendant's motion for summary judgment and dismissed plaintiff's claims. The plaintiff appeals this judgment.

DISCUSSION
The plaintiff contends the district court erred in granting the motion for summary judgment. Plaintiff argues that the factual circumstances of his injury and the defendant's deposition present sufficient evidence to create a genuine issue of material fact in this case.
A motion for summary judgment is properly granted if the pleadings, answers to interrogatories, depositions and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B); Gardner v. Louisiana State University Medical Center in Shreveport, 29,946 (La.App. 2d Cir. 10/29/97), 702 So.2d 53. Article 966 further provides that the summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action allowed by law. NAB v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477.
Where the moving party will not bear the burden of proof at trial on the matter before the court on the motion for summary judgment, the movant is not required to negate all essential elements of the adverse party's claim. Rather, the movant may point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. If the adverse party then fails to produce factual support sufficient to establish that he *444 will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact and the movant is entitled to summary judgment. LSA-C.C.P. art. 966(C)(2); Gardner v. LSUMC-Shreveport, supra; Berzas v. OXY USA, Inc., 29,835 (La.App.2d Cir.9/24/97), 699 So.2d 1149. As provided in LSA-C.C.P. art. 967, the opposing party may not rest on mere allegations or denials in his pleading, but must set forth specific facts showing that there is a genuine issue for trial. Bockman v. Caraway, 29,436 (La.App. 2nd Cir. 4/2/97), 691 So.2d 815.
Appellate courts are directed to conduct a de novo review of the documentation supporting and opposing summary judgment under the same criteria which governs the district court's determination of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Berzas v. OXY USA Inc., supra. The appellate court must therefore question whether a genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. Potter v. First Federal Savings and Loan Assoc. of Scotlandville, 615 So.2d 318 (La.1993).
LSA-R.S. 9:2794(A) provides that the plaintiff in a medical malpractice action shall have the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, ... under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians... within the involved medical specialty.
(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.
The plaintiff in a medical malpractice action is therefore required to prove the applicable standard of care, the physician's violation of the applicable standard of care, and the causal connection between the physician's alleged negligence and the plaintiff's injuries. Lugenbuhl v. Dowling, 96-1575 (La.10/10/97), 701 So.2d 447; Pfiffner v. Correa, 94-0924, 94-0963, 94-0992 (La.10/17/94), 643 So.2d 1228.
The documents submitted by defendant in support of his motion for summary judgment indicate that plaintiff is unable to meet the required burden of proof. In its written opinion, the medical review panel found that the evidence did not support the conclusion that Dr. Beach failed to meet the applicable standard of care. The medical review panel also provided written reasons for its decision, finding that Dr. Beach performed the surgical procedure within the standard of care using such well-recognized techniques as the microscope and high-speed drill; that the injury plaintiff sustained is a known and recognized complication of this procedure; that plaintiff was advised of this risk; and that the injury was noted and managed appropriately. The medical consent form signed by plaintiff several days prior to surgery advises that risks associated with the procedure include increased neurologic deficit and loss of function of arm.
Louisiana courts have considered expert opinion evidence in support of summary judgment in medical malpractice cases. Gardner v. LSUMC, supra; Guillory v. Dr. X, 96-85 (La.App. 3rd Cir. 8/28/96), 679 So.2d 1004; Richoux v. Tulane Medical Center, 617 So.2d 13 (La.App. 4th Cir.1993). Here, the members of the medical review panel were qualified to state, as physicians actively working in their fields of expertise, that residual motor deficit is a recognized complication of the type of surgical procedure performed by defendant. This statement is based on the experts' personal knowledge gained through experience and may be considered in evaluating a summary judgment. Gardner, supra. Thus, the documentation submitted by defendant in support of *445 his motion for summary judgment satisfies his burden of pointing out an absence of factual support for one of the elements of plaintiff's claim, that defendant breached the standard of care.
Consequently, to defeat the motion for summary judgment, plaintiff must set forth specific facts showing that there is a genuine issue for trial. In opposition to the summary judgment motion, plaintiff submitted his affidavit and defendant's deposition. The affidavit merely repeats the allegations of fact from the petition, alleges that his injury is not a common result of the surgery and would not normally occur in the absence of negligence, that Dr. Beach's conduct was a direct factor in his injury and constitutes gross negligence. Affidavits submitted in support of or in opposition to summary judgment shall be made on personal knowledge, set forth facts that would be admissible in evidence, and affirmatively show that the affiant is competent to testify on the matters stated therein. LSA-R.S. 967; Gardner v. LSUMC-Shreveport, supra. The legal conclusions and opinions expressed in plaintiff's affidavit are not made on his personal knowledge. Plaintiff's affidavit does not establish that there is a genuine issue of material fact.
In his answers to interrogatories, plaintiff stated that he does not plan to present any expert testimony regarding defendant's negligence or fault. The plaintiff argues that expert testimony is not required because the facts speak for themselves in establishing a genuine issue for trial, pursuant to the exception stated in Pfiffner v. Correa, 94-0992 (La.10/17/94), 643 So.2d 1228. In Pfiffner, the court stated that there are instances where the medical and factual issues are such that a lay jury is able to perceive negligence as well as an expert. However, the conduct at issue in the present case, bruising a nerve root while using a high-speed drill during neurosurgery, is not analogous to the acts of obvious negligence discussed in Pfiffner, such as leaving a sponge or some other object in the patient's body, fracturing a leg during a procedure, or amputating the wrong limb. The mere fact that an injury occurred does not raise a presumption that the physician was negligent. Elkins v. Key, 29,977 (La.App. 2nd Cir. 10/29/97), 702 So.2d 57. Plaintiff's argument lacks merit.
The plaintiff also contends that the defendant's deposition testimony established the standard of care and its breach. Although defendant acknowledged that the nerve root trauma caused the plaintiff's motor deficit, defendant did not testify that injuring the nerve root was a breach of the standard of care. Rather, defendant stated that such an injury was a risk of the surgical procedure performed.
In light of the medical review panel's conclusion that defendant did not breach the standard of care and the fact that the conduct complained of is not the type of obvious negligence recognized in Pfiffner, the plaintiff was required to produce expert testimony indicating that defendant breached the standard of care, an essential element of plaintiff's burden of proof under LSA-R.S. 9:2794(A). Expert witnesses who are members of the medical profession are necessary sources of proof in medical malpractice actions to determine whether the defendant doctor failed to exercise reasonable care and diligence. Gordon v. LSU Board of Sup'rs, 27,966 (La.App.2d Cir.3/1/96), 669 So.2d 736. In the absence of such expert testimony, plaintiff has not presented factual support sufficient to establish that a genuine issue for trial exists regarding defendant's breach of the standard of care. The assignment of error lacks merit.

Res Ipsa Loquitur
Plaintiff argues that summary judgment is not appropriate because the doctrine of res ipsa loquitur applies to the facts of this case. Res ipsa loquitur (the thing speaks for itself) is an evidentiary doctrine used to prove a tort claim by circumstantial evidence. Elkins v. Key, supra. The doctrine permits the inference of negligence on the part of the defendant from the circumstances surrounding the injury when direct evidence is not available. Cangelosi v. Our Lady of the Lake Regional Medical Center, 564 So.2d 654 (La.1989). Three elements must be satisfied for the doctrine of res ipsa loquitur to apply:

*446 (1) the defendant has actual control of the agency, instrumentality or conditions which caused plaintiff's injuries;
(2) the evidence as to the true cause of plaintiff's loss is more readily accessible to defendant than plaintiff; and
(3) the accident is of a kind that does not occur in the absence of negligence and/or the circumstances attending the accident create an inference of negligence on the part of defendant.
Elkins v. Key, supra. When applying the doctrine of res ipsa loquitur, the defendant's negligence is inferred when that inference, under the facts of the case, is probable and more plausible than any other explanation offered. Elkins v. Key, supra; Shahine v. Louisiana State University Medical Center in Shreveport, 28,691 (La.App. 2nd Cir. 9/27/96), 680 So.2d 1352.
The first two elements required for application of res ipsa loquitur are satisfied in this case. Defendant performed the surgical procedure during which plaintiff was injured. At the time of plaintiff's injury, Dr. Beach was using a high-speed drill to remove osteophytes and plaintiff was presumably under the effects of anesthesia. Therefore, defendant exercised actual control of the instrumentality or conditions which caused plaintiff's injury. In addition, evidence as to the cause of the injury would have been more accessible to Dr. Beach than to plaintiff.
However, the third element has not been satisfied in this case. The medical review panel concluded that the injury which plaintiff sustained is a known and recognized complication of the procedure performed by Dr. Beach. Plaintiff did not present admissible evidence disputing the medical review panel's conclusion. The evidence presented did not show that the contusion of a nerve root by Dr. Beach during the surgical procedure, and the resulting muscle weakness, is the kind of accident that does not occur in the absence of negligence, nor do the circumstances of plaintiff's injury create an inference of negligence on the part of Dr. Beach. Based upon this record, we agree with the district court that the doctrine of res ipsa loquitur is inapplicable in the present case. The assignment of error lacks merit.
After reviewing the record, we cannot say the district court erred in finding that plaintiff has failed to produce sufficient evidence to establish a genuine issue of material fact as to whether the defendant breached the applicable standard of care. Therefore, the defendant is entitled to summary judgment.

CONCLUSION
For the foregoing reasons, the district court's summary judgment in favor of the defendant, Dr. George Beach, is affirmed. Costs of this appeal are assessed to the appellant, Mickey Thomas Pugh.
AFFIRMED.
NOTES
[1] Initially, the defendant's deposition was not included in the record. Following oral argument, this court granted plaintiff's motion to supplement the record with the deposition. Accordingly, we have reviewed the defendant's deposition as part of the record in this case.