793 So.2d 521 (2001)
Faye CAMPBELL, Debbie Ann, Campbell Watts and Nelda Campbell Harmond, Plaintiffs-Appellees,
v.
HOSPITAL SERVICE DISTRICT NO. 1 CALDWELL PARISH d/b/a Citizens Medical Center and Dr. Henry H. Nguyen, Defendant-Appellant.
No. 35,015-CA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 2001.
*522 Blue Williams, L.L.P. by Kurt S. Blankenship, Metairie, Jeffrey W. Bennett, New Orleans, Counsel for Appellant, Dr. Henry H. Nguyen.
Street & Street, by C. Daniel Street, D. Randolph Street, Monroe, Counsel for Appellees.
Watson, Blanche, Wilson & Posner, by P. Chauvin Wilkinson, Jr., Baton Rouge, Counsel for Hospital Service District No. 1 Caldwell Parish d/b/a Citizens Medical Center.
Before CARAWAY, KOSTELKA and DREW, JJ.
KOSTELKA, J.
Dr. Henry Nguyen ("Dr.Nguyen") appeals the grant of summary judgment by the Thirty-Seventh Judicial District Court for Caldwell Parish in favor of Faye Campbell, Debbie Ann Campbell Watts, and Nelda Campbell Harmond ("appellees"), the spouse and surviving children, respectively, of the decedent, Mr. Eugene Campbell ("Mr.Campbell"). Finding that genuine issues of fact exist, we reverse and remand.

FACTS
On May 21, 1995, Dr. Nguyen was working in the emergency room ("ER") of Citizens Medical Center ("Citizens") when, at approximately 8:15 p.m., Mr. Campbell presented with chest pains radiating into his jaws and arms. Dr. Nguyen treated Mr. Campbell and made the diagnosis of "unstable angina, rule out myocardial infarction." Later that night Mr. Campbell went into cardiac arrest and was resuscitated by Dr. Nguyen.[1]
After a unanimous decision by the medical review panel that Dr. Nguyen's treatment of Mr. Campbell met the applicable standard of care, the appellees filed the instant suit in the trial court. Thereafter, they filed their Motion for Partial Summary Judgment on Liability arguing that there was no genuine issue of material fact regarding the applicable standard of care and the question of breach of that standard by Dr. Nguyen. The trial court granted the appellees' motion, leaving the issues of causation and quantum for a jury trial.[2] After the denial of Dr. Nguyen's *523 motion for new trial, this appeal ensued.

DISCUSSION
The sole assignment of error raised by Dr. Nguyen addresses the issue of whether the trial court erred in granting summary judgment in favor of appellees in light of the diverse opinions expressed in the medical review panel opinion and by appellees' experts, Drs. Emile Barrow ("Dr.Barrow") and David Tepper ("Dr.Tepper").[3] Specifically, Dr. Nguyen argues that a genuine issue of material fact exists regarding the applicable standard of care and whether it was breached in his treatment of Mr. Campbell.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966(A)(2); Yarbrough v. Federal Land Bank of Jackson, 31,815 (La.App.2d Cir.03/31/99), 731 So.2d 482. The motion should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Leckie v. Auger Timber Co., 30,103 (La.App.2d Cir.01/21/98), 707 So.2d 459. The burden of proof remains with the mover. La. C.C.P. art. 966(C)(2). When a motion is made and supported, as required by La. C.C.P. art. 966, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response must set forth specific facts showing a genuine issue for trial. Otherwise, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Kennedy v. Holder, 33,346 (La.App.2d Cir.05/10/00), 760 So.2d 587; Yarbrough, 731 So.2d at 487; Bockman v. Caraway, 29,436 (La.App.2d Cir.04/02/97), 691 So.2d 815.
Here, the trial court determined, based solely on the opinions of appellees' experts, that there was but one standard of care for the treatment of patients such as Mr. Campbell, and that Dr. Nguyen had failed to refute that fact. In its Reasons for Judgment, the trial court determined that *524 the medical review panel opinion was not sufficient to create a genuine issue of material fact. The trial court reasoned that the panel opinion only concluded that the standard of care was not violated, but it failed to set forth the applicable standard of care. In light of the opinions of Drs. Tepper and Barrow, the trial court concluded that the medical review panel's "bare opinion is insufficient to controvert the obvious violation of a published standard of care."
As previously and consistently held by this court, and despite appellees' argument to the contrary, we note that the opinion of the medical review panel in this case is properly before us for consideration during our de novo review of the summary judgment.[4]See, Hinson v. Glen Oak Retirement Home, 34,281 (La.App.2d Cir.12/15/00), 774 So.2d 1134; Pugh v. Beach, 31,361 (La.App.2d Cir.12/11/98), 722 So.2d 442; Gardner on Behalf of Gardner v. Louisiana State University Medical Center in Shreveport, 29,946 (La.App.2d Cir.10/29/97), 702 So.2d 53. Louisiana R.S. 40:1299.47(H) provides that the "report of the expert opinion reached by the medical review panel shall be admissible as evidence in any action subsequently brought by the claimant...." A medical review panel opinion is admissible evidence when offered in support of (or in opposition to) summary judgment motions in medical malpractice cases. Hinson, 774 So.2d at 1137; Pugh, 722 So.2d at 444. The findings of the medical review panel, whose members are physicians actively working in their fields of expertise, are based on the experts' personal knowledge gained through experience and may be considered in evaluating a summary judgment. Hinson, 774 So.2d at 1137; Pugh, 722 So.2d at 444. Additionally, the Louisiana Supreme Court has held that expert opinion evidence is admissible at the summary judgment stage when such evidence meets the Daubert[5] standards for admissibility. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.02/29/00), 755 So.2d 226.
In support of their motion for summary judgment, appellees introduced the deposition testimony of Drs. Barrow and Tepper arguing that pursuant to both physicians the applicable standard of care for treatment of a patient diagnosed with unstable angina, such as Mr. Campbell, would require the administration of aspirin and Heparin, an anti-coagulant drug. The appellees state that Dr. Nguyen did not administer either of those drugs to Mr. Campbell upon making the diagnosis of unstable angina, and, thus, breached the applicable standard of care.
Specifically, Dr. Tepper, a cardiologist, was deposed regarding the applicable standard of care in 1995 for treating a patient such as Mr. Campbell. He stated that "[t]he clinical guidelines are for, even in the emergency department, for patients who are having unstable angina to be given aspirin and intravenous anticoagulants, under most circumstances, called specifically Heparin...." (Emphasis added). He testified that the medical data in 1995 supported the administration of aspirin and Heparin as early as possible including in the ER. He acknowledged the risk of such treatment in elderly patients like Mr. Campbell and said:
"[T]here are risks and benefits that always have to be assessed on site by the physician taking the history and saying, *525 is this truly an acute coronary syndrome. If I believe it is, what are his risk factors for stroke or hemorrhagic stroke. And what are the risks from developing GI bleeding from aspirin. Those are all risks that have to go into the calculation...."
When asked if the immediate administration of Heparin following Mr. Campbell's initial EKG would have prevented his heart attack shortly thereafter, Dr. Tepper stated, "That's probably the toughest call here. Unlikely the aspirin would have changed the evolution of an acute MI [myocardial infarction]...." The doctor stated further that aspirin might have reduced the size of the heart attack and that Heparin may have aborted the event. (Emphasis added).
Dr. Barrow's testimony was perhaps more equivocal than Dr. Tepper's testimony on the issue. Dr. Barrow noted that in 1995, the standard as to when to administer Heparin to a patient was indefinite and that it "varied with doctor to doctor...." He further stated that whereas the standard of care for treating a patient with unstable angina did require administering aspirin (unless there were contraindications) and Heparin, he acknowledged that "when the treatment actually happens would vary probably in emergency room to emergency room, ..."
In opposition to the appellees' motion for summary judgment, Dr. Nguyen offered the opinion of the medical review panel, the sworn oaths of the members of the panel and the panel's written reasons. In its opinion, the panel determined that "[t]he evidence presented does not support the conclusion that ... Dr. Henry Nguyen, failed to meet the applicable standard of care as charged in the complaint...." The panel made note in its reasons that it had reviewed all of the medical records submitted along with depositions of the witnesses and the position papers of the parties. The reasons for the opinion reflect that the panel carefully considered the condition of Mr. Campbell when he presented himself to the Citizens ER along with the treatment administered by Dr. Nguyen and concluded that said treatment of Mr. Campbell "was a reasonable and appropriate course of action and certainly within the standard of care expected of an emergency room physician under the circumstances of the facts revealed in the medical records."
Dr. Nguyen's deposition testimony was also before the court, although there is no indication whether the trial court considered it or not.[6] In that testimony, Dr. Nguyen described his diagnosis and course of treatment of Mr. Campbell in the Citizens ER, along with reasons behind that treatment.
As seen in the Reasons for Judgment, the trial court considered the divergent expert opinions and made the determination that the panel opinion did not controvert or challenge the opinion of the appellees' experts that only one standard of care existed and that Dr. Nguyen had breached it. The trial court concluded that whereas the medical review panel determined Dr. Nguyen had not breached the standard of care, it never set out what that standard was. But we note that the reasons stated by the medical review panel for its opinion clearly describe Mr. Campbell's symptoms and carefully consider the treatment administered to him by Dr. Nguyen. Based on those findings, a conclusion was reached that such action was not a breach *526 of the standard of care, or, in other words, Dr. Nguyen's actions fell within the scope of the standard of care in the opinion of the medical review panel. The opinion was based on the medical review panels' review of the pertinent facts, and was not conclusory as the appellees argue.
Clearly, such an opinion is divergent to the expert opinions of Drs. Barrow and Tepper regarding Dr. Nguyen's treatment of Mr. Campbell. In fact, as we noted in Campbell I at 811, the opinions of Drs. Barrow and Tepper contradicted the opinion of the medical review panel. Additionally, we further note that the deposition testimony of Drs. Barrow and Tepper is not as unequivocal as appellees argue and does not preclude the possibility that Dr. Nguyen's actions were within the standard of care.
Our summary judgment jurisprudence sets forth the principle that weighing evidence and making credibility determinations have no place in the summary judgment procedure. Harris v. Godwin, 28,245 (La.App.2d Cir.04/08/96), 671 So.2d 1278; Whatley v. Caddo Parish Sheriffs Dept., 27,321 (La.App.2d Cir.09/27/95), 661 So.2d 557, writ denied, 95-2842 (La.02/02/96), 666 So.2d 1097. Also, where the evidence on summary judgment presents a choice of reasonable inferences, such inferences must be viewed in the light most favorable to the party opposing summary judgment. Tucker v. Northeast Louisiana Tree Service, 27,768 (La.App.2d Cir.12/06/95), 665 So.2d 672, writ denied, 96-0063 (La.03/08/96), 669 So.2d 404, writ not considered, 96-0100 (La.03/08/96), 669 So.2d 404; Coleman v. Sheraton Pierremont, 25,452 (La.App.2d Cir.01/19/94), 631 So.2d 50.
Here, the trial court, faced with divergent expert opinions, considered each opinion and made an improper determination that the opinions of Drs. Tepper and Barrow were more credible than that of the medical review panel, which it characterized as "bare." Such a consideration is inappropriate on a motion for summary judgment. The resolution of conflicting evidence and the assessment of credibility lies with the fact-finder at a trial and is not to be determined in summary judgment. We conclude that the opinion rendered by the medical review panel, which was properly before the court for consideration on summary judgment and which was divergent to the opinions of Drs. Tepper and Barrow, sufficiently raises an issue of fact which cannot be addressed properly on summary judgment. Indeed, just as we held in Campbell I, the disputed quality of expert opinions in this case does not conclusively show that no genuine issue of material fact exists for the purpose of summary judgment.

CONCLUSION
For these reasons, the order of the trial court granting appellees' motion for summary judgment is reversed and remanded, with costs being assessed to appellees.
REVERSED AND REMANDED.
NOTES
[1] A more detailed account of the facts is set forth in our previous opinion in this same matter which addressed a separate issue. See, Campbell v. Hospital Service Dist. No. 1, Caldwell Parish, 33,874 (La.App.2d Cir.10/04/00), 768 So.2d 803, writ denied, XXXX-XXXX (La.01/12/01), 781 So.2d 558 ("Campbell I").
[2] We note that the trial court's judgment determines that "Dr. Henry Nguyen is liable..." (emphasis added) to the appellees but leaves the issues of causation and damages for determination by a jury. The Reasons for Judgment further state that appellees had proven two liability elements, and left only "causation and quantum for trial." Pursuant to La. R.S. 9:2794(3), in order to find liability for medical malpractice, a patient's injury must be the "proximate result" of the physician's actions, i.e., causation must exist. Although the trial court made findings in connection with the first two elements of La. R.S. 9:2794, liability cannot finally be determined against Dr. Nguyen without a finding of causation. Furthermore, recognizing that the judgment was not dispositive on the issue of liability, we pretermit the question of whether this was a proper matter for partial summary judgment under La. C.C.P. art. 966(E), because elements of liability remain to be determined.
[3] Dr. Nguyen also looks to the affidavit of Dr. Todd Thoma to counter the appellees' motion for summary judgment, but as the record reflects and appellees argue, said counter affidavit was filed well after the hearing on the appellees' motion. Louisiana C.C.P. art. 966 provides that the party opposing the motion may serve opposing affidavits prior to the date of the hearing. This court has previously and consistently held that counter affidavits must be filed prior to the day before the hearing or they will not be considered. Dumas v. Angus Chemical Co., 31,399 (La.App.2d Cir.01/13/99), 729 So.2d 624, writ not considered, 99-2750 (La.11/05/99), 751 So.2d 237; Hall v. Hall, 460 So.2d 1053 (La.App. 2d Cir.1984); Jones v. Jones, 385 So.2d 880 (La. App. 2d Cir.1980); Bonnette v. Century Ready-Mix Corp., 369 So.2d 1201 (La.App. 2d Cir.1979), writ denied, 373 So.2d 525 (La. 1979).
[4] The opinion of the medial review panel in this matter was previously considered by this court in Campbell I.
[5] Daubert v. Merrell Dow Pharmaceuticals., Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
[6] The appellees included Dr. Nguyen's deposition transcript in connection with their motion for summary judgment.