796 So.2d 704 (2001)
ACMG OF LOUISIANA, INC., Plaintiff-Appellant,
v.
P. Gary JONES, M.D., Defendant-Appellee.
No. 35,102-CA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 2001.
*705 Taggart, Morton, Ogden, Staub, Rougelot & O'Brien, by Perry R. Staub, New Orleans, Michael W. Hill, Counsel for Appellant.
Theus, Grisham, Davis & Leigh by J. Michael Hart, Nelson, Zentner, Sartor & Snellings by George Snellings, IV, Monroe, Counsel for Appellee.
Before NORRIS, STEWART and KOSTELKA, JJ.
KOSTELKA, J.
ACMG of Louisiana, Inc. ("ACMG") appeals the grant of summary judgment by the Fourth Judicial District Court in favor of Dr. P. Gary Jones ("Dr.Jones"), dismissing the claim by ACMG that Dr. Jones intentionally interfered with the contractual relations between it and Vantage Health Plan ("Vantage"). For the following reasons, we reverse and remand for further proceedings.

FACTS
Dr. Jones was president, chairman of the board and medical director of Vantage, which was incorporated in 1994 as a preferred provider organization ("PPO") and health maintenance organization ("HMO") to provide health benefits to various groups and individuals in northeast Louisiana. In addition, he also maintained a private medical practice. Pursuant to the Managed Care Organization Development and Management Agreement (the "Agreement"), entered into by ACMG and Vantage in 1995, ACMG was to perform management and administration functions for Vantage, which functions were delineated in the Agreement. The Agreement had a term of ten years; however, it contained provisions for termination of the Agreement and for putting the other party on notice for deficiencies in performance. ACMG alleges that termination without one of the enumerated causes for termination or without proper notice constituted breach of the terms of the Agreement.
Between the consummation of the Agreement and September 8, 1998, the financial condition of Vantage apparently made a downward turn. Finally, on September 8, 1998, Vantage's board of directors met, and after open discussion, voted to terminate the Agreement, effective immediately.
Shortly thereafter, on September 18, 1998, Vantage filed suit against ACMG, which case is currently pending in the Fourth Judicial District Court for the Parish of Ouachita, claiming that ACMG acted negligently and improperly in the performance of the agreement. Later, on January 6, 1999, ACMG instituted its lawsuit against Dr. Jones. Subsequently, Dr. Jones filed his Motion for Summary Judgment and attached supporting affidavits and a copy of the minutes from the Vantage board meeting which terminated the Agreement with ACMG. Dr. Jones's motion was opposed by ACMG; however, the trial court ultimately granted Dr. Jones's motion, and this appeal by ACMG ensued.

DISCUSSION
As its sole assignment of error, ACMG submits that the trial court erred in its grant of summary judgment in favor of Dr. Jones, for which ACMG advances several arguments in support.
Appellate courts review summary judgments de novo under the same criteria which govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Sup'rs *706 of Louisiana State University, 591 So.2d 342 (La.1991); Orea v. Brannan, 30,628 (La.App.2d Cir.06/24/98), 715 So.2d 108; Steier v. Heller, 31,733 (La.App.2d Cir.05/05/99), 732 So.2d 787; Berzas v. OXY USA, Inc., 29,835 (La.App.2d Cir.09/24/97), 699 So.2d 1149.
The law governing the summary judgment procedure is set forth in La. C.C.P. art. 966. As amended in 1996, Article 966 provides that the summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. La. C.C.P. art. 966(A)(2); Steier, 732 So.2d at 790; Traweek v. Jackson, 30,248 (La.App.2d Cir.02/25/98), 709 So.2d 867. The motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
As amended again in 1997, Article 966 now provides that when the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant is not required to negate all essential elements of the adverse party's claim, action, or defense. Rather, once the movant points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, and the adverse party then fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact and summary judgment shall be granted. La. C.C.P. art. 966(C)(2); Steier, 732 So.2d at 790. Further, La. C.C.P. art. 967 provides that the opposing party cannot rest on the mere allegations or denials in his pleadings, but must present evidence which will establish that material facts are at issue. Id. However, it should be noted that ultimately, the burden of proof remains with the movant, which must meet its initial burden of production by making a prima facie showing of entitlement to summary judgment. See, Mark Tatum and Judge William Norris, III, Summary Judgment and Partial Judgment in Louisiana: The State We're In, 59 La. L.Rev. 131, 141 (1998).
One argument advanced by ACMG is that Dr. Jones failed to meet this initial burden, because he relied solely on affidavits which are conclusory in nature and do not sufficiently show an absence of factual support for an essential element of ACMG's case.
In 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La.1989) ("Spurney"), the Louisiana Supreme Court recognized the possibility of a narrowly drawn action for intentional interference with contractual rights and indicated that it would proceed with caution in expanding that cause of action. Great Southwest Fire Ins. Co. v. CNA Ins. Companies, 557 So.2d 966 (La. 1990). The court recognized "a corporate officer's duty to refrain from intentional and unjustified interference with the contractual relation between his employer and a third person." Spurney, 538 So.2d at 234.
In so doing, the Spurney Court set out five elements that a plaintiff must prove when alleging intentional and unjustified interference with contractual relations, those being: (1) the existence of a contract or a legally protected interest between the plaintiff and the corporation; (2) the corporate officer's knowledge of the contract; (3) the officer's intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or *707 more burdensome; (4) absence of justification on the part of the officer; (5) causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer. Id.
Here, ACMG specifically claimed in its Petition that Dr. Jones intentionally caused Vantage to breach the Agreement with ACMG, and that Dr. Jones had no justification for his actions. The basis for Dr. Jones's Motion for Summary Judgment was that ACMG could offer no proof that he did not act with the best interest of Vantage in mind, i.e., that his actions were justified, especially in light of the financial losses suffered by Vantage, which he alleged were caused by the operations of ACMG. In support of his motion, Dr. Jones offered three affidavits: his own, Mike Breard's (the Chief Operating Officer for Vantage), and Dr. Michael J. Sampognaro's (the Secretary for Vantage).
In his Affidavit, Dr. Jones asserted that: (1) he was aware of the financial losses suffered by Vantage,[1] (2) he did not unilaterally terminate any contract with ACMG and Vantage Health Plan, Inc., (3) he did not misrepresent any facts presented to the Board of Directors for its consideration and vote with respect to termination of the contract, (4) he acted in the reasonable belief and justification that his conduct was warranted in the best interest of Vantage because of the continued substantial losses of Vantage, and (5) he was aware that Vantage stood to lose considerable clientele under its health insurance plan because of the actions of ACMG.
Primarily, we note that the assertions made by Dr. Jones are conclusory and state nothing more than his opinion. Ultimate or conclusory facts and conclusions of law cannot be utilized on a motion for summary judgment. Dumas v. Angus Chemical Co., 31,969 (La.App.2d Cir. 08/20/99), 742 So.2d 655, 661, writ not considered, 99-2750 (La.11/05/99), 751 So.2d 237, citing, Thompson v. South Central Bell Tel. Co., 411 So.2d 26 (La.1982). Specific facts must be alleged. Dumas, 742 So.2d at 661, citing, Baker v. Maclay Properties Co., 94-1529 (La.01/17/95), 648 So.2d 888. Affidavits that are devoid of specific underlying facts to support a conclusion of ultimate "fact" are not legally sufficient to defeat summary judgment. Dumas, 742 So.2d at 661.
Here, Dr. Jones offers no factual support for his assertion that he "acted in a reasonable belief and justification," or that his actions were "warranted in the best interest of Vantage." These statements are merely his opinion regarding his actions as president of Vantage. Whether his actions were justified is a conclusion of law. Clearly, such conclusory statements and conclusions of law, without any factual support, do not serve to support Dr. Jones's initial burden of showing entitlement to summary judgment, nor do they serve to negate an essential element of ACMG's claim of intentional interference in the Agreement by Dr. Jones. While the considerable loss suffered by Vantage would justify a corporate officer to seek some remedy, the affidavits in support of the Motion for Summary Judgment failed to negate the allegations that some actions of Dr. Jones may have caused the loss or made ACMG's performance of the Agreement more burdensome.
Furthermore, although we recognize Dr. Jones's fiduciary duty as a corporate officer to his corporation to take *708 action in the event of financial loss to Vantage, whether or not he was justified to take such action and/or interfere with Vantage's contractual relationship with ACMG is a determination best left to the fact-finder, not one to be considered on summary judgment. Consideration of the weight of the evidence is improper on a motion for summary judgment. It is not the function of the trial court on a motion for summary judgment to determine or even inquire into the merits of the issues raised, for the weighing of conflicting evidence has no place in summary judgment procedure. Smith v. Lynn, 32,093 (La. App.2d Cir.08/18/99), 749 So.2d 692; Commercial Nat. Bank in Shreveport v. Dance, 27,337 (La.App.2d Cir.09/27/95) 661 So.2d 551, 555.
Contrary to the assertion by Dr. Jones that the financial losses were attributable to it, ACMG alleges that the financial losses by Vantage were due to the unjustified interference by Dr. Jones in the Agreement between ACMG and Vantage. Consider a scenario where representatives of ACMG were to testify at trial regarding the actions allegedly taken by Dr. Jones as put forth in the Affidavit of Thomas Maynard, an officer and director of ACMG. It would be the job of the fact-finder to consider the truth of the allegations versus the claims by Dr. Jones that his actions were justified because he was acting in his corporation's best interest. See, Harrison v. Parker, 31-844 (La.App.2d Cir.05/05/99), 737 So.2d 160, 164, writ denied, 99-1597 (La.09/17/99), 747 So.2d 565.
Moreover, Dr. Jones's motives for his actions are not an appropriate consideration for the trial court on summary judgment. It is not a function of the trial court on a motion for summary judgment to determine or even inquire into the merits of issues raised or to weigh conflicting evidence on material fact; and, thus, a motion for summary judgment is not appropriate for disposition of cases requiring judicial determination of subjective facts, such as motive, intent, good faith or knowledge. La. C.C.P. art. 966; Harrison, 737 So.2d at 164; Miramon v. Woods, 25,850 (La.App.2d Cir.06/22/94), 639 So.2d 353.

CONCLUSION
Therefore, for the foregoing reasons, the decision of the trial court granting summary judgment in favor of Dr. Jones and dismissing the claims of ACMG is hereby reversed. The case is remanded to the trial court for further proceedings, with all costs being assessed to Dr. Jones.
REVERSED AND REMANDED.
NOTES
[1] The financial losses of Vantage were substantiated by Mike Breard, who stated in his Affidavit he had reviewed the business records of Vantage as well as the financial statements of ACMG, and he had made Dr. Jones aware of his findings.