WELCH, J.,
dissenting.
U respectfully dissent from the majority’s affirmance of the summary judgment in this case.
Our summary judgment jurisprudence establishes that weighing evidence has no place in the summary judgment procedure. Campbell v. Hospital Service District No. 1 Caldwell Parish, 35,015 (La.App. 2nd Cir.8/22/01), 793 So.2d 521, 526. After reviewing the deposition testimony and documentary evidence submitted in this case, the majority notes that there is conflicting evidence regarding whether Mr. Nanz built and sold the house to the Osbornes in his individual capacity or in a representative capacity for Nanz Enterprises, Inc. After noting this discrepancy, the majority *121 concludes the evidence “overwhelmingly establishes that Nanz Enterprises, Inc. was the builder and seller of the home at issue.”
In my opinion, the majority’s analysis constitutes an impermissible weighing of the evidence in a summary judgment setting. The fact that the court might conclude that the evidence preponderates in favor of the opponent does not justify the denial of a full trial on the merits to resolve the disputed issue. LeBlanc v. Landry, 371 So.2d 1276, 1279 (La.App. 3rd Cir.1979). Therefore, I think the summary judgment should be reversed and this matter should be remanded for further proceedings.