Judgment rendered January 10, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,415-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

WILLIAM HENRY ROACH                    Plaintiff-Appellant

versus

ROBERT J. MOFFATT, JR. and             Defendants-Appellees
MARCIA MOFFATT

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 80,633

Honorable Amy B. McCartney, Judge

* * * * *

| | |
|---|---|
| BETHARD & BETHARD, LLP<br>By: Benjamin T. Bethard<br>    Adam Lee Massery | Counsel for Appellants,<br>Donna Walker, Sheri<br>Roach Cole, and<br>Emily Cole Clark |
| DOWNER, JONES, MARINO & WILHITE<br>By: Philip Edward Downer, III<br>    Marcus Dylan Sandifer | Counsel for Appellees,<br>Robert J. Moffatt, Jr.<br>and Marcia Moffatt |

* * * * *

Before STONE, THOMPSON, and ELLENDER, JJ.

**ELLENDER, J.**

The plaintiffs, heirs of William Henry Roach, appeal a summary judgment that dismissed their petitory action against Robert and Marcia Moffatt. At issue is a strip of land, some 50 feet wide, along the west side of Linwood Avenue in Stonewall, DeSoto Parish. The plaintiffs chiefly contest the district court's handling of their seven affidavits in opposition to summary judgment, of which the court struck all but five substantive paragraphs; they also contend that even those five paragraphs created a genuine issue for trial. For the reasons expressed, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Linwood Avenue runs north-and-south. The plaintiffs' family has owned a 35-acre tract on the *west* side of Linwood for nearly 100 years. The Moffatts bought a 17.968-acre tract on the *east* side of Linwood in 1985.

The original plaintiff, William Roach, filed this suit in July 2019 alleging that he acquired his tract by donation from his parents, who had owned it for 73 years before that. He alleged that he always thought the eastern boundary of his tract was Linwood, and a fence alongside it; however, he recently had a survey made, and this disclosed that, based on the property description, his tract did not actually go all the way to the road, but stopped some 50 feet short. According to the survey, the strip actually belonged to the Moffatts, who owned the tract to the east of Linwood. Still, Roach alleged that he, and his parents before him, had always possessed the property all the way to the road, by acts such as mowing, bush hogging, and

using it as a driveway to their house. Roach sought judgment declaring him the owner of the strip by 30-year acquisitive prescription.

The Moffatts answered with general denials, but admitted that Roach's survey showed they (the Moffatts) owned the strip.

After a delay of almost two years, in June 2021 Roach filed a motion and order to dismiss his suit; the district court signed this promptly. However, in December 2021 the Moffatts moved to withdraw and rescind that order, as they had never been served with the motion to dismiss; the district court signed this promptly. Then, on January 21, 2022, the Moffatts moved for compulsory substitution of parties: it turned out that William Roach died June 2, 2021, the very day he filed his motion to dismiss. After various pleadings, Roach's heirs, Donna Walker, Sheri R. Cole, and Emily Cole Clark, were substituted as plaintiffs.

The Moffatts then filed this motion for summary judgment. They conceded their tract lies mostly to the east of Linwood, but the surveys showed they also own the strip on the west. They sought summary judgment declaring them, the Moffatts, owners of the strip by acquisitive prescription. In support, they attached copies of two surveys (Murphy 2016 and Wynn 2019), and Mr. Moffatt's affidavit detailing his possession of the property by building a fishing pond, getting an agreement with USDA to stock the pond with bream, leasing the pond for fishing trips, mowing the grass, and paying taxes on the tract continuously since 1985. The affidavit also stated that in 2019, a Ms. Stuart, who had bought a lot to the west of the Roach tract, approached him about acquiring a servitude over the strip, but their negotiations fell through. Attached to the affidavit was an earlier survey (Gray 1985) also showing the Moffatts' tract included the strip. They

2

concluded that they had valid title translative of ownership, sufficient acts of possession to maintain their possession of the entire tract, including the strip, and that the plaintiffs could not show any acts of possession.

The plaintiffs opposed the motion, asserting that *they* built the fence along Linwood, *they* mowed the grass, *they* maintained the driveway, and these acts showed *they* exercised possession over the strip for over 30 years. In support, they attached seven affidavits, from the three plaintiffs, from three of William Roach's neighbors, and one from his independent executrix. These stated (in virtually identical wording) "upon information and belief" the boundary has always been Linwood, and that Roach's heirs have always "possessed their property, including the [strip], up to Linwood Avenue," such as by bush hogging and using the driveway across the strip. Attached to one affidavit was a recent survey (Red Chute 2020) which, according to the affiant (not the surveyor, but Roach's executrix), showed the boundary line is actually Linwood.

The Moffatts objected to all the affidavits, urging they were not made on personal knowledge as required by La. C.C.P. art. 967; they were vague; they expressed legal conclusions, not facts; and the Red Chute 2020 survey bore the caveat "does not guarantee title."

After hearing argument, the district court in February 2023 rendered an eight-page opinion granting summary judgment. The court analyzed each affidavit, paragraph by paragraph, finding that most of them lacked personal knowledge, were vague, or stated legal conclusions. The court also disallowed the Red Chute 2020 survey as not certified by the surveyor. The remaining allegations, the court found, did not show that Roach exercised any acts of possession after 1985, when the Moffatts bought their tract. The

3

court therefore granted summary judgment and rejected the plaintiffs' claims of ownership of the strip.

The plaintiffs have appealed, raising eight assignments of error.

**APPLICABLE LAW**

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Hester v. Walker*, 20-01278 (La. 5/13/21), 320 So. 3d 362. A court must grant a motion for summary judgment "if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966 (A)(3); *Hester v. Walker*, *supra*.

The only documents that may be filed in support of or in opposition to the motion for summary judgment are "pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, certified copies of public documents or public records, certified copies of insurance policies, authentic acts, private acts duly acknowledged, promissory notes and assignments thereof, written stipulations, and admissions." La. C.C.P. art. 966 (A)(4)(a).

Supporting and opposing affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." La. C.C.P. art. 967 (A); *Martin v. Thomas*, 21-01490 (La. 6/29/22), 346 So. 3d 248. Affidavits with conclusory allegations of fact which are devoid of specific facts are not sufficient to defeat summary judgment. *Cheramie Servs. Inc. v. Shell Deepwater Prod. Inc.*, 09-1633 (La. 4/23/10), 35 So. 3d 1053; *ACMG of La. Inc. v. Jones*, 35,102 (La.

4

App. 2 Cir. 9/26/01), 796 So. 2d 704, *writ denied*, 01-2869 (La. 1/11/02), 807 So. 2d 240.  Affidavits which merely restate factual allegations of the pleadings and assert legal conclusions are not deemed personal knowledge. *Pugh v. Beach*, 31,361 (La. App. 2 Cir. 12/11/98), 722 So. 2d 442; *Mapp Const. LLC v. Southgate Penthouses LLC*, 09-0850 (La. App. 1 Cir. 10/23/09), 29 So. 3d 548, *writ denied*, 09-2743 (La. 2/26/10), 28 So. 3d 275.

Personal knowledge means something which a witness actually saw or heard, as distinguished from something a witness learned from some other person or source.  *Barnes v. Sun Oil Co.*, 362 So. 2d 761 (La. 1978); *Chanler v. Jamestown Ins. Co.*, 51,320 (La. App. 2 Cir. 5/17/17), 223 So. 3d 614, *writ denied*, 17-01251 (La. 10/27/17), 228 So. 3d 1230.  No matter how apparently reliable, "information and belief" is universally rejected as a substitute for personal knowledge and thus cannot form the basis of a motion for summary judgment.  *Express Publ'g Co. v. Giana Inv. Co.*, 449 So. 2d 145 (La. App. 4 Cir. 1984); *Successions of Millet*, 21-0355 (La. App. 1 Cir. 12/22/21), 340 So. 3d 252; *see also Arkla Inc. v. Maddox & May Bros. Casing Serv. Inc.*, 624 So. 2d 34 (La. App. 2 Cir. 1993).

Unverified documents such as letters and reports submitted to support or oppose the motion for summary judgment are not self-proving and will not be considered competent summary judgment evidence.  *Sierra Frac Sand LLC v. Whittington*, 54,764 (La. App. 2 Cir. 9/21/22), 349 So. 3d 1029; *Thomas v. Bayonne*, 54,205 (La. App. 2 Cir. 4/13/22), 339 So. 3d 71; *Mandeville P'ship v. A Luxury Transp. LLC*, 21-1450 (La. App. 1 Cir. 8/24/22), 348 So. 3d 763.

The district court's ruling on the admissibility of summary judgment evidence is subject to review for abuse of discretion.  *Numa C. Hero & Son*

5

*LLP v. Brit UW Ltd.*, 22-0405 (La. App. 4 Cir. 12/21/22), 356 So. 3d 480; *Pottinger v. Price*, 19-0183 (La. App. 1 Cir. 10/23/19), 289 So. 3d 1047.

The possessory action is one brought by the possessor or precarious possessor of immovable property or of a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted. La. C.C.P. art. 3655. A petitory action is one brought by a person who claims the ownership of, but who does not have the right to possess, immovable property or of a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff's ownership. La. C.C.P. art. 3651. If, before executory judgment in the possessory action, the plaintiff institutes the petitory action or a declaratory judgment action in a separate suit, the possessory action abates. La. C.C.P. art. 3657 (A); *Pinola Preserve LLC v. Star B Ranch LLC*, 53,823 (La. App. 2 Cir. 4/14/21), 361 So. 3d 991.

## DISCUSSION

### *Affidavits Asserting Only "Information and Belief"*

By their second assignment of error, the plaintiffs urge the court erred in sustaining objections to their use of affidavits containing the phrase "upon information and belief." By their fourth assignment, they urge the court erred in sustaining objections of lack of personal knowledge as to parts of their affidavits. They concede that Art. 967's requirement of personal knowledge has been strictly construed, *THH Props. Ltd. P'ship v. Hill*, 41,038 (La. App. 2 Cir. 6/2/06), 930 So. 2d 1214, and that it is insufficient "to simply state that someone has personal knowledge of something, or what they believe." Still, they contend that these particular allegations contain

6

enough factual basis to meet Art. 967's standard, such as Donna Walker's and Una Palmer's assertions that they had lived on the property for over 60 years, and Dale Harper's that he was 74 years old and "it was always understood" that the boundary line was Linwood and the fence.

An assertion that the writing or statement is based on the best of the affiant's knowledge and belief is not adequate. *Arkla Inc. v. Maddox & May Casing Serv. Inc.*, *supra*, and citations there. Another court has categorically stated, "No matter how apparently reliable, 'information and belief' is universally rejected as a substitute for personal knowledge and therefore cannot form the basis of a motion for summary judgment." *Express Publ'g Co. v. Giani Inv. Co.*, *supra*, and citations therein. One authority summarizing national jurisprudence concludes, "An affidavit 'on information and belief' is an affidavit which is *not* based on the personal knowledge of the affiant[.]" 2A C.J.S. *Affidavits on information and belief* § 48 (Aug. 2023 update) (emphasis added).

Like the district court, we have closely examined all these affidavits, but a few examples will illustrate the analysis. Donna Walker (Roach's daughter, born in 1963, and on the property for over 60 years) asserted, *upon information and belief,* "the boundary line of Plaintiff * * * has always been Linwood Avenue, and Robert J. Moffatt's property boundary began on the East side of Linwood Avenue." Sheri Cole and Tina Stuart (daughters born in 1970 and 1961 respectively, also on the property for over 60 years) made the same, verbatim assertion. Like the district court, we find no specific facts or sense perceptions that would rise to the level of personal knowledge.

Dale Harper (74-year-old neighbor who once worked for William Roach cutting, baling, and hauling hay) asserted, *upon information and*

7

*belief*, that Roach had "exhibited numerous acts of possession, including, but not limited to, maintaining a fence along a portion of the Acquisitive Strip, keeping the Acquisitive Strip mowed and bush hogged, and * * * used it as a driveway to access their homes." Dwayne Harper and Hollingsworth Marshall (two more neighbors, age 66 and 71) made the same, verbatim assertion. Like the daughters' affidavits, these are silent as to sense perceptions or events and when such perceptions might have been made, and do not rise to the level of personal knowledge. We cannot say the district court abused its discretion in excluding these portions of the affidavits. These assignments lack merit.

### Affidavits That Are Vague

By their third assignment of error, the plaintiffs urge the district court erred in sustaining the Moffatts' exceptions of vagueness as to parts of their affidavits. They concede there is "no clear jurisprudence or law" on what makes an affidavit vague, but concede that ambiguity as to when the critical events occurred may be disqualifying, as in *Moody v. Weatherford U.S.*, 35,882 (La. App. 2 Cir. 7/17/02), 821 So. 2d 780. Still, they argue it is not necessary to show exactly when acts of possession occurred, when the time frame might be 30 years or more.

Donna Walker and Sheri Cole both remembered that DOTD "used to store gravel and park their equipment on Plaintiff's property" and always asked Roach "for permission to traverse the Acquisitive Strip"; hay haulers employed by Roach "would traverse the Acquisitive Strip on a regular basis hauling hay"; and milk trucks "would traverse the Acquisitive Strip to pick up milk from [plaintiffs'] dairy farm with her family's permission." Unlike the assertions discussed above, these contain specific facts; however, they

8

fail with respect to the timing. The Moffatts have shown, by admissible summary judgment evidence, that they bought their tract in 1985 and have exercised acts of possession continuously since then. The plaintiffs' affidavits assert various acts of possession but, conspicuously, do not say any of them occurred after 1985. We recognize that the plaintiffs' affiants are describing a long stretch of time, and credibility issues cannot be resolved on summary judgment. However, these affidavits provide no facts to create any genuine issue as to adverse possession, i.e., that William Roach or the plaintiffs disturbed the Moffatts' possession. With this absence of potential factual support, we cannot say the district court abused its discretion in excluding these portions of the affidavits. This assignment lacks merit.

### *Affidavits Stating Legal Conclusions*

By their fifth assignment of error, the plaintiffs urge the court erred in sustaining the Moffatts' objections to parts of their affidavits on the basis that they contained legal conclusions. They concede that conclusory statements do not satisfy Art. 967, especially legal conclusions, as in *ACMG of La. Inc. v. Jones*, *supra*. However, they argue when their affiants stated Roach "possessed the Acquisitive Strip" or "possessed his land," these were firsthand observations and not attempts to state a legal conclusion, but rather created a genuine issue of possession over 30 years.

Donna Walker, Sheri Cole, Tina Stuart, and Hollingsworth Marshall all made the identical assertion that the plaintiffs "have always possessed their property, including the Acquisitive Strip, all the way to Linwood Avenue." This is a simple statement of a legal conclusion and not competent as summary judgment evidence. *Pugh v. Beach*, *supra*; *Mapp*

9

*Constr. LLC v. Southgate Penthouses LC*, *supra*. Possession is a legal conclusion, which is for the court to make on the basis of specific facts. *Hodges v. LaSalle Parish Police Jury*, 368 So. 2d 1117 (La. App. 3 Cir. 1979). The district court was entitled to exclude this bare assertion of a legal conclusion. Dwayne Harper stated that Roach "openly possessed his land, including the Acquisitive Strip * * *, keeping dairy cows * * * and maintaining a fence * * * up to the ditch beside Linwood Avenue." This statement adds some facts that might have been pertinent but it omits the time frame; as noted above, acts of possession prior to 1985 are irrelevant to the case. In light of the legal conclusion stated and the silence as to the time frame, the district court did not abuse its discretion in excluding these portions of the affidavit. This assignment lacks merit.

### *Other Documents*

By their seventh assignment of error, the plaintiffs urge the court erred in failing to consider documents filed in the conveyance records of DeSoto Parish as creating genuine issues of material fact. By their eighth assignment, they urge the court erred in failing to consider varying and contradictory surveys as a genuine issue of material fact. They argue that the Moffatts bought their tract from Hollingsworth Marshall, and that DeSoto Parish conveyance records (when Marshall himself acquired the tract, in 1962, and when his predecessors-in-title granted a right-of-way to pave Linwood, in 1961) create a genuine issue whether the right-of-way "limited the extent" of the Moffatts' title. They also argue the Red Chute 2020 survey, attached to Una Palmer's affidavit, differs from all the other surveys and thus creates a genuine issue.

10

The plaintiffs' memorandum in opposition to motion for summary judgment referred to documents in the DeSoto Parish conveyance records, but did not attach certified copies of them (or any copies at all). This does not satisfy Art. 966 (A)(4)(a)'s requirement of "certified copies of public documents or public records." The district court did not abuse its discretion in refusing to consider them. Similarly, the Red Chute 2020 survey was not certified by the surveyor; moreover, the original petition alleged that Roach "recently had a portion of his land surveyed" and thereby "learned that his property did not extend all the way to the fence or to Linwood." Obviously, a party cannot manufacture a genuine issue by contradicting a fact that he has already admitted. *Row v. Pierremont Plaza LLC*, 35,796 (La. App. 2 Cir. 4/3/02), 814 So. 2d 124, *writ denied*, 02-1262 (La. 8/30/02), 823 So. 2d 952; *Chapital v. Harry Kelleher & Co.*, 13-1606 (La. App. 4 Cir. 6/4/14), 144 So. 3d 75. The district court did not err in refusing to consider these items. These assignments lack merit.

### Grant of Summary Judgment

By their first assignment of error, the plaintiffs urge the court erred in granting the Moffatts' motion for summary judgment. By their sixth assignment, they urge the court erred in finding no genuine issues of material fact.

As a preliminary matter, they assert the case is both a *possessory action* and a claim of acquisitive prescription. The original petition prayed for "judgment in favor of Petitioner, recognizing him as the owner" of the strip. Under La. C.C.P. art. 3657 (A), the claim for possession cannot be cumulated with the claim for ownership; when this happens, "the possessory action abates." *Pinola Preserve LLC v. Star B Ranch LLC, supra*; *Harry*

11

*Bourg Corp. v. Verrett*, 633 So. 2d 285 (La. App. 4 Cir. 1993).  On these pleadings, the case is a petitory action, and the plaintiffs' assertion to the contrary lacks merit.

More substantively, the plaintiffs cite the law of acquisitive prescription, La. C.C. art. 3446, and the requirement that the acts of possession must be "continuous, uninterrupted, peaceable, public, and unequivocal," La. C.C. art. 3476.  Because the sufficiency of Roach's acts is a fact-intensive inquiry, the plaintiffs argue the matter is simply not suitable for summary judgment.  They further suggest that even though the assigned errors pertain to the affidavits, the crux of the case is possession and acquisitive prescription; to grant summary judgment is to deny the plaintiffs their opportunity to present evidence and testimony at trial.

The Moffatts' summary judgment evidence established that they acquired title to the strip in 1985 and have exercised acts of possession on it ever since.  The burden then shifted to the plaintiffs to produce factual support sufficient to establish a genuine issue of material fact or that the Moffatts were not entitled to judgment as a matter of law.  La. C.C.P. art. 966 (D)(1).  The plaintiffs attempted to do so by filing seven affidavits.

After the district court's ruling on the objections, the affidavits disclosed very little of value.  Donna Walker stated the year of her birth, the fact that Roach was her father, and that the family had lived on the property for over 60 years; her grandparents' original house was on the corner of Linwood and Stonewall-Frierson Road, but her grandparents moved to a house on the property around 1978; and she moved into that house after Roach's passing.  Sheri Cole and Tina Stuart also stated the dates of their births, the fact that Roach was their father, and the family had lived on the

12

property for over 60 years.  Dwayne Harper stated his age, the fact that his family raised cattle and did farm work, and that he had known the Roaches all his life; and he had "often assisted" Roach with farm work, specifically in 1974, when he did bush hogging, planting seeds, feeding cows, and other farm work for him.  Hollingsworth Marshall stated his age and the fact that he had been neighbors with the Roaches all his life.  Dale Harper stated his age, the fact that he had been a neighbor of the Roaches' all his life, and that he "has worked for and with Mr. Roach cutting, bailing [*sic*] and hauling hay, and working cows on the Acquisitive Strip."  Finally, Una Palmer stated she had lived on the Roach property for over 60 years.

At their stated ages, these affiants could have asserted specific facts that would create a genuine issue whether Roach exercised acts of possession of the strip after 1985.  On de novo review, however, we find such facts are simply not present.  Considering the plaintiffs' burden to produce factual support, under Art. 966 (D)(1), we find no genuine issue of material fact and that the Moffatts are entitled to judgment as a matter of law.  These assignments of error lack merit.

## CONCLUSION

For the reasons expressed, the judgment is affirmed.  The plaintiffs are to pay all costs.

**AFFIRMED**.